HIESTAND<br>v.<br>LABATT.

---

W. W. FRASIER and C. ADAMS, JR.—W. W. KING, subrogated, *v.* THOMAS BANKS—HENRY FERRIS, Garnishee..

A debtor of the bankrupt, garnisheed by the bankrupt's creditor, cannot, under the Bankrupt Act, plead the bankrupt's discharge—nor assert the rights of the assignee—nor dispute the creditor's right, on the ground that the creditor has proved his claim under the fifth section.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. W. W. *King*, in *pro. per. Elmore* and *Bonford*, for plaintiff. *Benjamin, Bradford & Finney*, for garnishee, appellant.

BUCHANAN, J.* *Henry Ferris* was cited as garnishee in execution of the judgment in this case. He answered interrogatories, denying indebtedness to defendant. His answers were traversed by plaintiff, who alleged that *Ferris* had been receiving, for a number of years, rents for certain property which belonged to defendant, and was bound to account for the rents so received.

To this traverse, *Ferris* filed exceptions, which were in reality exceptions to the garnishment process itself. They were three in number :

1st. That *Banks*, the defendant, had made a surrender of his property in the United States Court under the bankrupt law; by which, his property was vested in his assignee in bankruptcy.

2d. That plaintiff had proved his claim in the United States Court, in the proceeding in bankruptcy, and thereby relinquished this judgment, which thereby became null and of no effect.

3d. That defendant has departed this life, and therefore it is not competent for plaintiff to proceed without making his representatives party hereto.

---

*MERRICK, C. J., not being present at the argument of this case, took no part in its decision.

FRASIER
v.
BANKS.

The curators of *Banks*, the defendant, were made party and appeared and joined in the claim of plaintiff. Judgment was rendered overruling the exceptions, and that garnishee pay to the curators of *Banks'* vacant estate, the sum of $560. The garnishee appealed; and the plaintiff and the curators of *Banks*, join in the appeal, and pray that the judgment in their favor be increased.

We agree with the District Court, that the exceptions should not be sustained. The bankrupt himself might, under the 4th section of the Bankrupt Law of 1841, have pleaded a certificate of discharge granted by the bankrupt court, in bar of any action against him; but there is nothing in the statute which authorizes a debtor of the bankrupt to plead it; and, in the present case, the debtor has not even pleaded such a discharge and certificate. So that the plea is technically bad, even if the party were competent to plead it. We view the garnishee as likewise without competency to assert the rights of the assignee in bankruptcy, even if there were such an officer in existence in this case, which it is admitted there is not.

On this head, it may also be observed, that, by the eighth section of the Bankrupt Law, the assignee could not institute an action against any debtor of the bankrupt, or against any person claiming an adverse interest in property which should have been surrendered by the bankrupt, after two years had elapsed from the institution of the proceedings in bankruptcy; and the cause of action against the garnishee herein did not arise until about five years after the institution of *Banks'* proceedings in bankruptcy; the date of *Ferris'* first receipt of rent for the property in question, being fixed by the evidence, in February, 1847. .

The second exception is to some extent involved in the first. By the fifth section of the Bankrupt Law, it is provided, "that no person, coming in and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt; and all proceedings already commenced, and all unsatisfied judgments already obtained thereon, shall be deemed to be surrendered thereby." This is one of the incidents of the bankrupt proceedings which would seem, like the discharge or the assignment, to be duly pleadable by the bankrupt or the assignee. It may be that this exception would also be competent to a creditor of *Banks*, who had not made himself a party to the proceedings in bankruptcy, although on this point we do not express an opinion. But no such party is before us; and we are clear, that a debtor of *Banks* has no right to avail himself of this plea.

Proceeding to inquire into the merits, the appellees, who have prayed for an amendment of the judgment, seem entitled to a larger sum than that awarded by the District Court.

The answer of the garnishee to interrogatories, acknowledges the receipt of rent for the premises, which have been seized and sold by the Sheriff in this case, from the 1st October, 1850, only. But the garnishee's title—a sale from *F. B. Conrad*, of the 16th of February, 1847—mentions a lease as existing and unexpired, at the rate of one hundred dollars a month; and, although the limits of the land conveyed, do not include the property sold by the Sheriff, yet it is in proof that *Conrad* gave *Ferris* possession of this property, and that the same was included in the lease of one hundred dollars a month. Neither was it an inconsiderable portion of the leased premises, being a two story brick

FRASIER<br>v.<br>BANKS.

house with appurtenances. The lessee proves, that she always paid rent on these premises, to the agent of *Ferris*, from the date of the sale to the latter, in 1847, up to July, 1850, when the buildings were injured by a fire, and she moved out until the damages were repaired, three months later, in October, 1850, when, as stated by the garnishee, she took a new lease.

This testimony of *Mrs. Diederich*, the lessee, is corroborated by another witness, as well as by *Ferris*' title, and must be considered as outweighing, so far as it contradicts, the answer of the garnishee. The period for which rent is chargeable to *Ferris*, as having been received upon property belonging to *Thomas Banks*, according to this evidence, and excluding the three months, from July to October, 1850, is five years and eight months. And the allowance of twenty dollars per month made by the District Judge, as a *pro rata* estimate, seems reasonable, after deduction made of taxes and insurance. The garnishee is also entitled to a deduction upon the aggregate sum charged to him, for the repairs proved by *Diederich*, being ninety dollars.

It is therefore adjudged and decreed, that the judgment of the District Court be amended; that *Henry Judson*, curator of *Thomas Banks*, deceased, recover of *Henry Ferris*, appellant, twelve hundred and seventy dollars, with cost of the garnishment process, and of the appeal, to be administered in due course of law; and that *W. W. King*, subrogated to the rights of the plaintiff, be recognized as having the privilege of seizing creditor, on said fund; without prejudice to the right of any other creditor of *Thomas Banks*, not a party to the proceedings in bankruptcy, to contest plaintiff's claim upon the account of administration to be rendered to the court in which the succession is opened.