Mr. Chief Justice Bingham
delivered the opinion of the Court:
The bill in this case avers, that on the 9th of February, 1874, one Thomas K. Raymond obtained a judgment against the complainant, on the law side of this Court, for $5,000; that the said Raymond assigned the judgment on the 14th of May, of the same year, to Stephen T. Wygant, the testator of the defendant; that on the 23d day of February, 1878, Wygant was duly adjudged a bankrupt by the District Court of the United States for the Southern District of the State of New York; that Wygant thereafter surrendered his property, including such judgment, the same being expressly mentioned in his schedule of assets; that, thereafter Henry T. Godet, of the City of New York, was duly chosen assignee in bankruptcy and qualified as such; that the estate of the said bankrupt has never been,settled; that the judgment was the principal asset passing as aforesaid ; and that claims largely in excess of the value of the assets were duly proven and allowed against the estate of the bankrupt.
*452 The judgment at law was rendered in cause numbered 11,757, and the record of the same is referred to in the bill of complaint as a part thereof, and the complainant files as an exhibit to his bill, a duly authenticated transcript of the bankruptcy proceedings.
The bill charges that the defendant was aware of these facts, but for the pm’pose of harassing the complainant and to put him to trouble and expense and in order that complainant might be induced to pay such judgment or a part thereof, and relying upon the complainant’s ignorance of such bankruptcy proceedings, on the 12th day of January, 1886, applied, by petition in writing, to the justice holding a special term of this Court for probate business, and by representing that such judgment was an asset belonging to the estate of said Stephen T. Wygant, who had died in the mean time, and that it was of little or no value, namely, of Jhe value of $100, on the day above mentioned obtained letters testamentary upon giving a nominal bond of $200.
The defendant on the 1st of February, 1886, caused a suggestion of the death of the said Stephen T. Wygant to be made in the circuit court and the issuance of a writ of scire facias by the clerk, and on the 4th dajr of February caused an alias writ of scire facias to be issued to the marshal which was returned with the-indorsement “nihil.”
On the 3d day of March, 1886, the defendant obtained a fiat from the Circuit Court. During all this time the complainant was a resident of the District, but neither of these writs was served upon him, nor any actual notice received by him thereof, nor of the proceedings in probate jurisdiction, nor on the law side until long. after they had taken place. As soon as he had received casual notice he applied, by his motion in writing to have the “fiat” set aside, to the Circuit Court, but the Court denied the motion for lack of power to act from lapse of time, but preserved his rights to proceed in equity, and he thereupon began this suit.
The defendant after the proceedings here in the Circuit *453 Court commenced a suit upon this judgment in the Supreme Court of the City of New York, on December 28, 1885. The complainant prays for process and injunctions against the enforcement of the judgment and the letters testamentary be declared invalid.
There was a demurrer to the original bill by the defendant which was sustained, and leave given to the complainant to amend by making the assignee in bankruptcy a party, and also to amend otherwise as he might be advised.
The bill was subsequently amended by making the assignee a party, by averring that the register in bankruptcy conveyed in writing to the assignee all the personal and real estate . of the bankrupt, and by attacking a duly certified copy of the assignment made by the register to the amended bill as an exhibit, and. by a further amendment averring that at the time the writs of scire facias were issued, complainant was. a resident of the District -of Columbia.
To this bill as- amended the defendant interposed a general demurrer, and the same was certified to this Court for hearing. The position of the defendant is that there is no equity in the bill; that it merely seeks to escape payment of a judgment debt. It is claimed that- a court of equity does not interfere with the judgments at law unless the complainant had a defense at law which he was prevented from availing himself of by fraud or accident. This doctrine, as stated here by counsel for the defendant, may be admitted. The further doctrine claimed by the defendant is, if the return of the marshal under these writs of scire facias was fraudulent, yet if the defendant in this suit had no connection with the fraud, no knowledge- of it, and did not procure it, the complainant has no standing in a court of equity to set aside a mere judgment in the obtaining of which there may have been fraud but with which the plaintiff in the law action was not connected. That is the general doctrine. But in this case we think the facts stated in the bill clearly show fraudulent action upon the part of the defend *454 ant. It is averred that the defendant with full knowledge of the facts that the testator had entered into bankruptcy, had been declared and adjudged a bankrupt, had made an assignment to the register — that with full knowledge that this judgment was a part of the schedule made by the register in the bankruptcy proceedings, came to this city and procured herself appointed as testatrix by the Orphans’ Court and went into the Circuit Court and by proceedings in that Court by scire facias obtained this judgment, and obtained the judgment in her name as testatrix. We think those facts and circumstances, if true as alleged in the bill, would show that the defendant in this action is guilty of fraud, and therefore the plaintiff has a standing in this Court, so far as that ground is concerned..
But it is claimed that the title of the bankrupt is not showm by the bill in this case, even as amended, to have been devested; that it is not shown to have passed to the assignee, and therefore the defendant in this action, as testatrix of the bankrupt, might claim title to this judgment and might have proceedings to revive it in her own name so that she might become possessed of it as testatrix, and in support of this we are referred to Thatcher vs. Rockwell, 105, U. S. 467; to Conner vs. Long, 104 U. S. 228,. and also to Frasier vs. Banks, 11 La. Ann., 31.
These cases were all under Section 5044 of the Revised Statutes, original section 14 of the Bankrupt Bill. In order to understand this proposition it is necessary to read the two sections of the statute Nos. 5044 and 5046. Section 5044 is as follows
“As soon as an assignee is appointed and qualified, the judge, or, where there is no opposing interest, the register, shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books, and papers relating thereto, and such assignment shall relate back to the commence-' *455 ment of the proceedings in bankruptcy, and by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings.”
Now, at first blush, this section seems to embrace the same ground, so far as relates to the point of time when the title passes from the bankrupt to the assignee, as is embraced in Section 5046, which is as follows:
“All property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent rights, and copyrights; all debts due him, or any person for his use, and all' liens and securities therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person arising from contract or from the unlawful taking or detention, or injury to the property of the bankrupt; and all his rights of redeeming such property or estate; together with the like right, title, power and authority to sell, manage, dispose of, sue for, and recover or defend the same, as the bankrupt might have had if no assignment had been made, shall, in virtue of the adjudication of bankruptcy and the appointment of the assignee, but subject to the exceptions stated in the preceding section, be at once vested in such assignee.”
Under Section 5044 it would seem that the property of the bankrupt did not vest in his assignee until an assignment had been made by the register; wrhile by the provision of Section 5046 the vesting of the property is made to depend upon the adjudication of bankruptcy and the appointment of the assignee that, as a matter of law and by virtue of the adjudication in bankruptcy and the appointment of the assignee, the property shall absolutely vest in the assignee.
*456 The cases that are referred to by counsel in support of their theory all arose under Section 5044. One case relates to a claim against a sheriff to whom the process of attachment had been issued against the bankrupt prior to the filing of the petition in bankruptcy, and who had sold, by order of a State court, the property after the filing of the petition • in bankruptcy but before the appointment of the assignee, and possibly before the adjudication of bankruptcy, but, ignorant of the fact of the bankruptcy, the sheriff had sold property and paid the money over to a creditor and a suit was brought against him in bankruptcy to recover the money. The Court held that he was acting in good faith, under lawful authority and in obedience to a valid right, and having paid the money over in good faith, in ignorance of the proceedings in bankruptcy, he was not liable and the remedy of the assignee was against the sheriff. And in the course of that case, in delivering the opinion, it was said by the Court in construing this Section 5044 that the title remains in the bankrupt until the assignment is made by the register to the assignee.
We take it that this section, inasmuch as there is a provision here not in Section 5046 that assignments made by the register shall relate back to the commencement of the proceedings, was intended to cover all cases where the title of some sort was in the bankrupt, but the property not in his possession. 'It does not expressly relate to property affected by attachment proceedings within four months of the period of the commencement of the bankruptcy proceedings which are declared to be void by this section, but it manifestly relates to other contingent matters, equities of redemption as was determined in Hampton vs. Rouse, 22 Wall., 263, where a party became bankrupt and had land, prior to his bankruptcy, sold for taxes, and after going into bankruptcy and before the assignment by the register he redeemed the land. It was held by the Supreme Court of *457 the United States that he had sufficient title remaining in him at that time, under Section 5044, to entitle.him to make the redemption. Section 5046 relates to all property in the possession (as we understand it) of the bankrupt at the time of the filing of his petition in bankruptcy ; and as to all such effects upon his being adjudged a bankrupt and the assignee appointed, the latter is invested with a full title, to all such property the moment that he is appointed.
In this case the property being a judgment in the name of the testator — as assignee — owned by him, passed, we think, by virtue of Section 5046, to the assignee in bankruptcy, and the title to the same was in the assignee in bankruptcy, as averred in the bill as amended, at the date these proceedings were commenced by the defendant in the Orphans’ Court and in the Circuit Court of this District.
It is hardly necessary that we should consider in this case any of the remaining questions in order to determine the demurrer. There was some discussion by counsel as to the regularity of the proceedings by scire facias in the Circuit Court, and as to whether that Court obtained jurisdiction of the defendant, no personal service having been made upon him, and he being a resident of this District at the time. But we do not think it is important to determine that question so far as this demurrer is concerned. We think it is clear, upon the'statement in the bill, that this Court has jurisdiction in equity to take cognizance of the complaint made by the plaintiff. We think it is clear, as a matter of construction of these statutes under the facts stated in the bill, that the title to this property passed to the assignee in bankruptcy and was in the assignee in bankruptcy, according to the averments of the bill, at the time of the commencement of these proceedings of scire facias; that the defendant, therefore, had no right, or authority to proceed in the Circuit Court to revive the judgment; that the plaintiff had a complete defense to that action in the Cir *458 cuit Court which he might have made there had service been made upon him, or had he been otherwise notified, in time, of the pendency of the proceedings in that Court. But, not being notified personally of the proceedings in scire facias until (as the Circuit Court determined) it was too late to review them, this, in connection with the fact just mentioned, that the defendant is guilty, practically, of fraudulent conduct in instituting the proceeding in revivor of the judgment, we think, makes the right of the complainant perfect to prosecute this bill in equity.

The demurrer will be overruled and the defendant will, if she desires, be given leave to answer.