## Case No. 8,026.
### In re LAMBERT.
[2 N. B. R. 426 (Quarto, 138); 1 Chi. Leg. News, 210.] [1]

District Court, S. D. New York. Feb. 15, 1869.

BANKRUPTCY—DUTY OF ASSIGNEE AS TO HEAVILY MORTGAGED PERSONALTY.

It is not necessary for the assignee to take any proceedings whatever in regard to personal prop-

erty of the bankrupt, so heavily mortgaged that it will not sell for enough to pay off such encumbrance, and the assignee has nothing to do but to designate the bankrupt exempt property, under section fourteen of the bankrupt act of 1867 [14 Stat. 522].

[Cited in Re Brinkman, Case No. 1,884; Phelps v. Sellick, Id. 11.079; Re Hufnagel, Id. 6,837; Kimberling v. Hartly, 1 Fed. 575.]

[In the matter of Hugh G. Lambert, a bankrupt.]

BLATCHFORD, District Judge. I think that in this case the assignee must proceed under section fourteen, and according to form No. 20, designate and set apart such property as is declared by section fourteen to be excepted from the operations of the provisions of that section. Such property does not pass to the assignee. It is excepted by section fourteen, and form No. 18, from the operation of the assignment. As to the residue of the mortgage property, unless it is for the benefit of the estate to discharge the mortgages and retain the property, or to sell the property subject to the mortgages, so as, by one or the other methods, to realize for the estate a net sum of money free from the mortgages, it is not necessary for the assignee to take any proceeding whatever in regard to the property or the mortgages. It would be idle to discharge the mortgages, and then realize from the mortgaged property a less sum than had been required to discharge the mortgages, and idle also to go through the form of selling the property subject to the mortgages, if the property be of less value than the amounts of the mortgages. The assignee's whole duty will, in such event, have been discharged if he makes the designation referred to and then leaves the bankrupt and the mortgagees to contend over the mortgaged property designated and not designated, according to their respective rights. It seems clear from the assignee's petition that there can be no surplus for the estate in the mortgaged property. The Brower mortgage is good against the bankrupt and the assignee, though not filed. The non-filing is a point that concerns only the subsequent mortgages. The aggregate of the principal due on the three mortgages is two thousand seven hundred and seventy-five dollars. The highest valuation of the mortgaged property, including the exempt property, to which the assignee gets no title, is two thousand two hundred dollars, and the assignee represents that it would not bring over one thousand five hundred dollars. Under these circumstances, the assignee has nothing to do but to make his designation under section fourteen, and there rest.

---

[1] [Reprinted from 2 N. B. R. 426 (Quarto, 138), by permission. 1 Chi. Leg. News. 210, contains only a partial report.]