## Case No. 6,437.

### In re HESTER.

[5 N. B. R. 285.] [1]

District Court, North Carolina.[2] June, 1871.

BANKRUPTCY—DOWER — EXEMPTIONS UNDER ACTS OF NORTH CAROLINA.

1. The widow of a bankrupt, where petition in bankruptcy was filed after the act passed by the legislature of North Carolina, repealing the statutory provision and restoring the common law right of dower, the bankrupt dying after the issuing of the warrant in bankruptcy, is entitled to dower in the land owned by the bankrupt at the time of the filing of his petition.

[Cited in Re McKenna, 9 Fed. 34.]

2. The act referred to repealed the statutory provision in regard to dower, which in effect restored eo instanti the common law.

3. The legislature by that act attempted to create additional exemptions to those theretofore allowed by law; those exemptions are void as to creditors whose debts were contracted previous to the passage of the act.

4. The widow of a bankrupt is not entitled to the personal property exempted by the provisions of the fourteenth section of the act of eighteen hundred and sixty-seven, nor is the assignee in bankruptcy. No title to exempt property passes to the assignee by the assignment; it remains in the bankrupt; at his death it passes to his legal representatives.

In bankruptcy.

---

[1] [Reprinted by permission.]
[2] [District not given.]

BROOKS, District Judge. There are two questions to be considered and determined, asked by the assignee in his petition in this case.

1. Is the widow entitled to dower in the land owned by the bankrupt at the commencement of proceedings in bankruptcy; the widow being the wife at the commencement of such proceedings, and the bankrupt dying after the issuance of the warrant in bankruptcy?

I have no doubt as to the proper answer to be given to this question. The legislature of North Carolina, by chapter 3, Acts 1868–69, repealed the existing statutory provisions in regard to dower, and eo instanti restored the common law right of dower. The legislature undertook to do much more than repeal the statutory provision for dower, for the act expressly restores the common law dower; in addition thereto they undertook to vest the wife of a living husband with dower in the land of her husband. If this was the intent of the legislature its effect would be to create an additional exemption of property of a debtor from liability to his creditors for debts existing at the time of the passage of the law, as against the claims of such creditors it would be void. For this reason I have heretofore decided in Kelly v. Strange [Case No. 7,676], that a wife is not entitled to dower in the lands of her living husband, in any case in which debts are due from the bankrupt which were contracted previous to the passage of the act referred to.

The question presented here is essentially different. After the petition was filed in this case, and the warrant issued, Hester, the petitioner, died, leaving a widow who claims dower in the lands owned by her husband at the time of his bankruptcy. The proceedings in bankruptcy were commenced subsequent to the passage of the act of the legislature above referred to. The widow of the bankrupt is undoubtedly entitled to dower in the land in question. To show this, it is only necessary to ask what interest or estate in the lands Hester could have conveyed after the restoration of the common law right of dower had been restored, and before his bankruptcy, without the proper relinquishment of his wife? He could only have conveyed the land subject to the contingent right of dower, which would never ripen into any positive right if the wife should die before her husband, but which would become an absolute positive right at the death of the husband—the wife surviving. This is all the estate the husband could have conveyed or which could have been sold by his executors or administrators, and it is clear that this is all the estate in the land that the assignee takes by virtue of the bankruptcy and the assignment of the register. The assignee can sell no more or higher estate than he receives, and the widow is entitled to all her rights in the land, though they are in the hands of the assignee, the same as she

would be if they were in the hands of heirs at law, or purchasers. There has been no period of time under the written or common law, when a widow was not entitled to dower. The moment the statutory provision became inoperative by reason of its repeal, the common law was in full force, affording, by its munificent provisions, its protection to the "favorites of the law."

2. The second question submitted is as follows: Is the widow of the bankrupt entitled to the personal property set apart and exempted to the bankrupt under the provisions of the fourteenth section of the act?

I might sufficiently answer this question by saying that the assignees are not entitled to any of the property so exempted, and it is no concern of theirs who may have a right to the same. The law attaches no responsibility to them for property to which it gives them no title. The assignment of the judge or register passes no title or interest whatever in the exempted property to the assignee.

The fourteenth section of the bankrupt act, after providing for the assignment, proceeds as follows: "Provided, however, that there shall be exempted from the operation of the provision of this section, the necessary household and kitchen furniture, &c."—and after enumerating all the exemptions it proceeds— "provided, that the foregoing exemptions shall operate as a limitation upon the conveyance of the property of the bankrupt to the assignee." I cannot imagine how language could render it more certain that the assignee acquires no title to any of the exempted property. It is not difficult, however, to see that the title to such exempted property would vest in the executor or administrator of the bankrupt at his death, or on the qualification of either (unless the bankrupt should dispose of the same during his lifetime), to be by such representatives administered according to law. Let this be certified to T. B. Keogh, register in bankruptcy, to the end that he may certify the same to the assignees of the estate of John H. Hester, bankrupt.