RIVERS (VIRGINIA v.). See .Case No. 16,958.

RIVES (PAGE v.). See Case No. 10,666.

---

## Case No. 11,869.

### RIX v. CAPITOL BANK.

[2 Dill. 367.] [1]

Circuit Court, D. Kansas.    1873.

BANKRUPTCY — HOMESTEAD — CONSTRUCTION OF CONSTITUTION OF KANSAS, AND SECTION 14 OF BANKRUPT ACT, AS TO HOMESTEAD EXEMPTION.

1. The provision of the constitution of Kansas in relation to the homestead exemption construed; and *held* that the title to property occupied by the bankrupt and his family as a residence at the time of the filing of the petition in bankruptcy did not pass to or vest in the assignee, but remained in the bankrupt, and hence the assignee in bankruptcy could not maintain a bill to have a prior mortgage, otherwise valid, set aside, because it gave a preference contrary to section 35 of the bankrupt act [of 1867 (14 Stat. 534)], nor to restrain the foreclosure of such mortgage in the courts of the state.

2. Effect of abandonment of homestead by owner and family discussed.

This is a bill brought by [Charles N. Rix] the assignee in bankruptcy of James R. Stilwell to set aside a mortgage made by the bankrupt and his wife to the defendant within four months of the commencement of the proceedings in bankruptcy. The averments of the bill make a case of fraudulent preference within the 35th section of the bankrupt act. After the bankruptcy the defendant commenced suit in the state district court for Shawnee county to foreclose its mortgage.

The present cause was submitted to the court, upon the following agreement as to facts: "It is agreed in this case that the mortgage made by J. R. and S. E. Stilwell to the Capitol Bank mentioned in the bill on file, was, under the bankrupt law, a fraudulent preference of a creditor (the Capitol Bank) of said J. R. Stilwell, and must be set aside, unless the same is held to be valid in law upon the following facts, which are also agreed to be true: First. The real estate mentioned in said mortgage was, at the time the same was executed and delivered, and for some time previous thereto had been, the proper 'homestead' of the said J. R. Stilwell, who was then the head of the family, and all of whom then occupied said real estate as such homestead. Second. The said J. R. Stilwell and family continued to own and occupy said premises as a homestead until after said adjudication in bankruptcy. Third. That after said adjudication the said J. R. Stilwell left the state of Kansas, and has not since returned. Fourth. After the filing of the petition in the district court of Shawnee county, mentioned in said bill, the wife

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

and children of said J. R. Stilwell removed with all their effects from the state of Kansas, and have not since returned. No application has been made by said Stilwell or his family, or any one for them, to the said assignee to have said real estate set off to them as and for a homestead, nor has the same been so set off." The constitution of the state, adopted in 1859, and yet in force, provides that "a homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all improvements upon the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists. * * Provided, the provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife." Const. Kan. art. 15, § 9. Section 14 of the bankrupt act provides that "the judge or register shall, by an instrument under his hand, assign and convey to the assignee all, etc., * * and such assignment shall relate back to the commencement of said proceedings in bankruptcy; provided, however, there shall be excepted from the operation of the provisions of this section * * * and such other property not included in the foregoing exceptions as is exempted from levy and sale, upon execution or other process, or order of any court, by the laws of the state in which the bankrupt has his domicile at the time of the commencement of the proceedings in bankruptcy; * * * provided, that the foregoing exception shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignees. And in no case shall the property hereby excepted pass to the assignees, or the title of the bankrupt thereto be impaired or affected by the provisions of this act."

[For a hearing on the question as to whether the defendant bank, claiming a mortgage on the property, has a right to vote on the election of an assignee, see Case No. 13,448.]

G. C. Clemens, for plaintiff.
N. C. McFarland, for defendant.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. We hold the following propositions:

1. That the property in question, being admitted to be the homestead of the bankrupt at the time of the commencement of the proceedings in bankruptcy, and as such being "exempted" by the constitution of the state "from forced sale under any process of law," the same was "excepted" by the bankrupt act (section 14) "from the operation of the provisions" of that section, and the "title" thereto did not "pass to the assignee," nor was "the title of the bankrupt thereto impaired or affected by the provisions of this (the bankrupt) act."

2. The constitutional provision respecting the homestead recognizes the validity of a "lien" thereon, "given by the consent of both husband and wife;" the mortgage, therefore, to the defendant by the bankrupt and wife created a valid lien upon the homestead property in favor of the mortgagee, but such mortgage did not otherwise affect the right of the owner to the homestead exemption, which, as against general creditors, and as against the assignee in bankruptcy, continued to exist, notwithstanding such mortgage.

3. The property mortgaged is admitted to be "the proper homestead" of the mortgagor and his family, and being within the limits of an incorporated city, and not appearing to exceed the quantity allowed by law, the statutes of the state (section 2, c. 38, p. 473) do not require, in order to preserve the exemption, that the owner shall apply to have the property selected and set apart as a homestead.

4. Under the constitution of the state and the bankrupt act (section 14) the title to homestead property, that is, to property in good faith, "occupied as a residence by the family of the owner," at the time of the commencement of the proceedings in bankruptcy, does not pass to the assignee, but remains in the bankrupt. If it had been admitted or established that the bankrupt had subsequently abandoned the homestead, this would give no right to the assignee; but the mere fact that since the adjudication of bankruptcy "Stilwell has left the state and has not since returned, and that his family have removed with their effects from the state and have not since returned," does not, to say the least, very clearly negative an intention to return to the homestead, nor preclude the right to do so and redeem the mortgage and have the benefit of the exemption. The proof of an intention to abandon (if it be conceded that in Kansas the homestead right can be lost by abandonment of the property) should be clear and decisive. See Shepherd v. Cassiday, 20 Tex. 24, 96; Davis v. Andrews, 30 Vt. 678; 1 Am. Law Reg. (N. S.) 711, 712. In any view of the case the assignee in bankruptcy has no title to or right in the homestead property, and hence cannot maintain a bill to have the mortgage thereon adjudged fraudulent as against the bankrupt act, nor to restrain its foreclosure in the state court. Bill dismissed.

NOTE. Construction of provision of constitution of the state as to homestead exemption, see In re Tertelling [Case No. 13,842]. Mortgage of homestead: 1 Am. Law Reg. (N. S.) 707 et seq. Effect of abandonment of homestead property: 1 Am. Law Reg. (N. S.) 710.