[May v. Wilkinson.]

# May *v.* Wilkinson.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Answer setting up defense of purchase for valuable consideration without notice.*—Under the rule declared in *Hooper v. Strahan* (71 Ala. 75), the answer in this case, setting up a purchase for valuable consideration without notice, in defense of a bill to enforce an outstanding vendor's lien on land, is substantially defective, " in failing to aver that he purchased from one in possession of the land, who was seized, or claimed to be seized of the legal title, and in failing to set out the substance of his deed of purchase, with date, consideration, and parties."

2. *Same; error without injury in sustaining insufficient answer.*—The error of the chancellor in sustaining this defense, and dismissing the bill on that ground, is not cause for a reversal; because the answer also set up the defense that the purchase-money was in fact paid, and that defense is sustained by the evidence.

3. *Proof of payment of purchase-money.*—The bill in this case, seeking to enforce an alleged vendor's lien on land, against a sub-purchaser, being filed more than twelve years after the maturity of the debt; the complainant admitting that she and her husband, since deceased, well knew of the existence of the lien, but took no steps to enforce it, though they were very poor, needing money to supply the commonest wants of life, and knew that the purchaser became insolvent and bankrupt within less than one year after the contract, and interposed no objection to a sale publicly advertised; *held*, that these facts raised a strong presumption of payment, which was strengthened by the testimony of the purchaser, and was not overcome by the positive testimony of·the complainant and her two daughters.

4. *Testimony of impeached witness.*—When the character of a witness for veracity has been impeached, his testimony is nevertheless strengthened by the fact that he has no interest in the result of the·suit, and that he is corroborated by all the intrinsic probabilities of the case.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 3d February, 1881, by Mrs. Eliza A. May, the widow of Seth S. May, deceased, against W. W. Wilkinson ; and sought to enforce against him, as a sub-purchaser with notice, an alleged vendor's lien on a house and lot in Greenville, which the complainant and her said husband sold, on the 2d May, 1868, to William Miller and James M. Withers, and conveyed by deed, with warranty of title, to B. F. Porter as trustee for their benefit. The agreed price of the house and lot was $1,800, the payment of which in cash was recited in the deed; but the bill alleged that over $850 was paid in extinguishment and satisfaction of an existing indebtedness due from said Seth S. May to said Miller & Withers, and that for the residue said Miller executed his acknowledg-

[May v. Wilkinson.]

ment in writing, which was made an exhibit to the bill, in these words: "Greenville, Ala. May 2d, 1868. I hold in my hands the sum of $950.39 belonging to Mrs. E. A. May, which I promise to account for when called on by her." The bill alleged that this writing was made payable to the complainant by the direction of her said husband, who intended thereby to give her the debt; that no part of the money had ever been paid, and that Wilkinson bought with knowledge of the lien, and with knowledge that said purchase-money was unpaid.

An answer to the bill was filed by Wilkinson, denying all its material allegations, and requiring proof thereof; alleging that the purchase-money for the land was long since paid in full, and claiming to be a purchaser for valuable consideration without notice. The averments of the answer, as to this latter defense, were as follows: "Respondent admits that he is the owner of said land, and shows that has been in the actual, undisturbed, continuous possession thereof, claiming and holding the same as owner, since the 11th November, 1869; and he denies that he came into the possession thereof by direct purchase from said Miller and Withers, or from any one to whom said Miller sold said land; and he denies, positively and emphatically, that he knew, or was in any manner informed, before he purchased said land, or before he paid the whole or any part of the purchase-money thereof, that the complainant had a vendor's lien on said land, or any other lien or claim on said land for any purchase-money agreed to be paid by said Miller; and he denies that said Miller, at the time of this respondent's purchase, or payment of the purchase money, or at the filing of this bill, or the making of this answer, was indebted to complainant for any part of the purchase-money due for said land; and he also denies, emphatically and expressly, that he knew said Miller had purchased said land from complainant and her said husband, or that he had any knowledge that said Miller had executed a note to complainant for any part of the purchase-money, or that such note was outstanding in the hands of complainant, and held by her as a lien on said land."

On final hearing, on pleadings and proof, the chancellor sustained the defense of a purchase for valuable consideration without notice, and dismissed the bill; and his decree is now assigned as error.

J. F. STALLINGS, and J. M. WHITEHEAD, for appellant, contended that the allegations of the answer were not sufficient to sustain the defense of a purchase for valuable consideration without notice, and cited the following cases: *Hooper v. Strahan*, 71 Ala. 75; *Ledbetter v. Walker*, 31 Ala. 175; *Johnson*

[May v. Wilkinson.]

*v. Toulmin*, 18 Ala. 50; *Craft v. Russell*, 67 Ala. 9; *Boone v. Chiles*, 10 Peters, 177.

GAMBLE & RICHARDSON, *contra.*—If the allegations of the answer be technically defective, no objection having been taken to it in the court below, this court will not render a final decree without allowing an opportunity to amend. But it is immaterial whether this defense is properly presented, since the evidence shows that the purchase-money was paid in full.

SOMERVILLE, J.—The purpose of the present bill is to enforce a vendor's lien on a certain lot or parcel of land in the town of Greenville. There are two defenses which are urged by the defendant, Wilkinson. The first is, that the purchase-money, for the security of which the alleged vendor's lien is claimed, has been paid. The second is, that the defendant is a *bona fide* purchaser of the lot in controversy, without notice of such lien. The chancellor in his decree dismissed the bill, basing his conclusion upon the second of the above mentioned grounds of defense.

It is urged, however, by the appellant in this court, that the answer of the defendant fails to aver the facts necessary to constitute him a *bona fide* purchaser without notice.

In *Hooper v. Strahan*, 71 Ala. 75, we stated the settled rule in this State to be, that, "in such cases, it is required of a defendant, who is a sub-purchaser, to aver in his plea or answer, clearly, distinctly and without equivocation, and with proper circumstantiality of detail, the following facts: 1st, that he is a purchaser from one in actual or constructive possession, who was seized, or claimed to be seized of the legal title, at the same time briefly setting out substantially the contents of the deed of purchase, with date, consideration, and parties; 2d, that he purchased in good faith; 3d, that he parted with value, by paying money or other valuable thing, assuming liability, or incurring an injury, stating the nature of the consideration fully; 4th, that he had no notice of complainant's equity, and knew no fact calculated to put him on inquiry, either at the time of purchase, or at or before the time he parted with the consideration."—*Craft v. Russell*, 67 Ala. 9; 1 Brick. Dig. 718, § 1134; Story's Eq. Plead. § 805.

The answer of the defendant Wilkinson was defective, in failing to aver that he purchased from one in possession of the lot, who was seized, or claimed to be seized of the legal title; and in failing to set out the substance of his deed of purchase, with date, consideration, and parties.

This defect would result in a reversal and remandment of the cause, but for the fact that, under the evidence, the error

[Bell v. Hall.]

does not seem to us to be prejudicial to the appellant; for the reason, that the preponderance of the evidence favors the conclusion, that the debt originally due for the purchase-money has probably been paid. More than twelve years had elapsed, from the time the debt was due, up to the filing of the bill, so that the debt itself had been barred at law by the statute of limitations for a period of more than six years, although the remedy for the enforcement of the lien still existed. The complainant testifies that she was fully aware of the fact that her claim was a lien on the land, as her husband also well knew in his life-time. She is shown to have been very poor, and greatly in need of money, even to supply the commonest wants of life. It is quite probable, from the evidence, that both she and her husband knew that the land was publicly advertised for sale; and yet no objection was interposed, and no effort was made to enforce the lien, although they knew that the debtor, Miller, became utterly insolvent, and, within less than a year after the creation of the debt, became an actual bankrupt. These circumstances raise a strong presumption of payment. Their weight is increased by the testimony of the debtor, Miller, who swears that the debt was paid, partly in money, and partly in goods and supplies furnished during the time he did business in Greenville as a merchant, and prior to the date of his bankruptcy. The complainant, it is true, and her two daughters, testify to the contrary; but their testimony is weakened by the probability that the payment was made to the husband during his life-time. So, the impeachment of Miller's character for veracity is rendered less important in the weight of its influence, by the fact that he has no interest in the result of the suit, and that he is corroborated by all the intrinsic probabilities of the case. The evidence, in our opinion, supports the conclusion that the debt, which is the foundation of the alleged lien, has been discharged; and for this reason the decree of the chancellor is correct, and must be affirmed.