In re EDWARDS.

(District Court. S. D. Alabama. November 1, 1907.)

No. 489.

BANKRUPTCY—JURISDICTION OF COURT—PROPERTY CLAIMED AS EXEMPT.

Where a creditor of a bankrupt prior to the filing of the petition in bankruptcy obtained a judgment against him on a note waiving exemptions, and after the filing of such petition levied on and sold property claimed by the bankrupt therein as exempt and received the proceeds thereof, the court of bankruptcy cannot adjudicate his right thereto at the instance of the trustee subsequently appointed, even though the bankrupt, after the sale, attempted to waive his claim of exemption with respect

to such property; the claim of the creditor in any event being adverse to the trustee, and one which can only be determined in a plenary suit.

[Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Bankruptcy. On review of decision of referee.

McMillan & Grayson, for creditor.

Leo M. Brown, for bankrupt.

TOULMIN, District Judge. The facts of this case shown by the record are, in substance, as follows: On June 28, 1907, Kohlman Mercantile Company, a creditor of the bankrupt, sued out an attachment against him, which was levied on certain personal property which was claimed by the bankrupt as exempt. The suit was founded on a promissory note made by the defendant, in which he waived all claim of exemption. Kohlman Company, the plaintiff in the suit, on July 1, 1907, recovered a judgment in the suit for $90, with a waiver of exemption. On July 18, 1907, the constable who levied the writ sold part of the property levied on and paid over to Kohlman Company the sum of $90, net proceeds of the sale, in satisfaction of said judgment. On the 2d of July, 1907, the defendant, W. H. Edwards, filed his petition in bankruptcy, and at the same time filed a schedule of his assets, which included the property levied on, and at the same time claimed an exemption of personal property, including the property levied on, estimated in value at $954.42. No contest of defendant's claim of exemption was made. On the 19th July the bankrupt moved to amend his schedule so as to waive his claim of exemption to the stock of goods levied on. On July 22, 1907, John E. Mitchell was appointed trustee of the estate of said bankrupt. On July 25, 1907, said trustee reported that he had set apart to said bankrupt as exempt certain accounts aggregating $248.68. The stock of goods levied on, a part of which was sold, and claimed as exempt by the bankrupt, was valued in the schedule at $600. On said 25th July the trustee petitioned the court to cite said Kohlman Company to appear before the court, and show cause, if any, why the proceeds of the sale of the property levied on, and paid to them, should not be paid over by them to him, said trustee, as a part of the assets of the estate of said bankrupt. On the hearing of the petition, the referee ordered the Kohlman Mercantile Company to pay over to the said trustee the sum of $90 as the net proceeds of the sale of said property. From this order Kohlman Company have appealed, and ask the judgment of the court thereon.

The title to exempt property does not pass to or vest in the trustee, but remains in the bankrupt. Beyond setting it aside, the trustee has no concern with it. Brandenburg's Bkr. § 185; Loveland on Bk. § 179; In re Seabolt (D. C.) 113 Fed. 766; In re Wells (D. C.) 105 Fed. 762; Lockwood v. Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. Exempt property never becomes assets in the bankruptcy court for administration. In re Hill, 2 Am. Bankr. Rep. 798, 96 Fed. 185; authorities, supra. In Re Bass, 3 Woods, 382, Fed. Cas. No. 1,091, the court said "that exempted property constitutes no part of the assets in bankruptcy, and that the assignee acquires no title to

the exempted property." In Re Seydel (D. C.) 118 Fed. 208, it is said:

"As property which is set apart and delivered to the bankrupt as exempt, or which, being exempt, is never taken possession of by the trustee, is not within the actual possession or control of the court, and, as the title thereto does not vest in the trustee, it is difficult to see upon what ground it can be claimed that the trustee can assert any title or right to the possession of the property in question."

"A trustee in bankruptcy is not entitled to the bankrupt's exemption of property against a creditor who has attached the same by an attachment execution issued and served within four months prior to the bankruptcy on a judgment waiving exemption." Sharp v. Woolslare, 12 Am. Bankr. Rep. 396; Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

"Where property claimed to be exempt is attached in a state court, such property may be held under the attachment until it is determined in bankruptcy proceedings what part of the attached property has passed to the trustee, freed from the claim of exemption." "Where the undisputed evidence shows that a creditor prosecuting a suit, in which property claimed by the bankrupt as exempt has been attached, holds a waiver contract of the bankrupt's rights of exemption, the bankrupt court has no jurisdiction to enjoin the suit, nor to determine whether or not the bankrupt could avoid such waiver contract." Roden Grocery Co. v. Bacon, 13 Am. Bankr. Rep. 251, 133 Fed. 515, 66 C. C. A. 677.

Since the title to property claimed as exempt does not pass to or invest in the trustee, the bankrupt court has no control or jurisdiction over the same other than to set it apart, leaving the person holding a waiver to resort to the state court to enforce this right. Brandenburg, Bkcy. § 189; Collier, Bkcy. p. 96. The bankrupt's general waiver of exemption on July 19, 1907, subsequent to his claim of exemption made when his schedule was filed, as required by the bankrupt act, and subsequent to the special waiver of exemption in favor of Kohlman Company, which had been made effective by a judgment, valid at the time rendered, and under which the $90 now claimed by the trustee was paid over to them, would not and ought not in any way affect the right of Kohlman Company thus secured and obtained. If before the money had been paid over to Kohlman Company and the property or proceeds of its sale were in the hands of the constable, the bankrupt or any of his creditors, in the absence of a trustee, may have enjoined the constable from disposing of the property, or, having done so, from paying over the proceeds until the rights of Kohlman Company could have been ascertained and adjudicated. This was not done, but subsequent to the sale of the property and the paying over the net proceeds thereof the bankrupt attempts to waive generally his claim of exemptions to specific property, some of which—that in question—had passed beyond his possession and control.

Moreover, it appears without dispute that Kohlman Company was a creditor of the bankrupt, holding his promissory note with a waiver of exemption, and that the money paid over to them on their debt was realized from the sale of property claimed and included in the exemption claimed by the bankrupt in his schedule. It is clear then that

Kohlman Company hold said money adversely to the bankrupt, and to the trustee in bankruptcy. Where property is claimed by the trustee as assets of the bankrupt's estate to be administered by the bankrupt court for the benefit of the bankrupt's creditors, and such property is adversely held by a third person under a claim of right and title to it, the trustee may bring suit to recover such property; but the recovery, if any, must be by a plenary suit. Unless there is some benefit to be gained for the creditors of the estate, it is not necessary for the trustee to move in the matter. It is well settled that a suit cannot be maintained by the trustee for the benefit of the bankrupt. I think that a plenary suit by the trustee in this case would be an unnecessary expense and one fruitless in its results.

From my view of the case, my opinion is that the referee erred in the order complained of, and it is therefore overruled.