# Northern Alabama Ry. Co. *v.* Feldman.

## *Loss of Goods.*

(Decided May 16, 1911.  56 South. 16.)

1. *Carriers; Freight; Loss of Goods; Complaint.*—A complaint charging that certain goods mentioned therein were received by a railroad company for carriage as freight from a named point to another point on its line which the defendant did not safely and securely and within a reasonable time carry and deliver the said goods to the plaintiff, and the said goods were lost, sufficiently charged the breach of duty to carry safely within a reasonable time so as to state a cause of action although it may be said upon proper construction that it did not clearly show that the negligence resulted in the loss of the goods.

2. *Same; Ownership of Claim.*—A shipper must have a present ownership in the claim against a carrier for loss of goods to have a cause of action.

3. *Same; Pleading; Burden of Proof.*—The plea of the general issue interposed by a carrier to a suit for a loss of goods puts in issue the present ownership by plaintiff of his claim for loss of the freight, and casts the burden of proving this upon him.

4. *Evidence; Best Evidence; Bankruptcy Record.*—The records of the bankruptcy court are the best evidence of whether or not a shipper claimed his claim against a railroad company for loss of goods as exempt to him; hence, in an action against the carrier for damages for loss of the freight it is incompetent to show by the plaintiff whether he claimed his cause of action against the carrier as exempt.

5. *Bankruptcy; Exemptions.*—The bankrupt's property passes to the trustee unless the bankrupt complied with the state law as to exemptions; if he does this the trustee shall set aside the property claimed as exempt subject to exceptions by the bankrupt creditor.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by A. J. Feldman against the Northern Alabama Railway Company, for damages for loss of goods. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Northern Alabama Ry. Co. v. Feldman.]

ALMON & ANDREWS, for appellant. The 6th and 7th ground of demurrer to the complaint should have been sustained as the complaint nowhere shows that the negligence alleged resulted in the loss of the goods. The court erred in allowing the bankrupt to testify that this claim was set aside as exempt to him as the bankruptcy proceeding is the best evidence. The bankrupt's property passes to the trustee unless he complies with the state statute relative to exemptions. If he does so, the property is set aside to him, subject to the exceptions of creditors.—*In re Campbell,* 124 Fed. 470. This could not be shown except by the production of the record itself.—*Watson v. The State,* 63 Ala. 119; *Blackmon v. Dowling,* 57 Ala. 78; *Burns v. Campbell,* 71 Ala. 271; *Lunsford v. Deitrich,* 86 Ala. 252. The burden was on the plaintiff to show his ownership of the claim against the railroad.—*Am. O. E. Co. v. Ryan,* 112 Ala. 347; *Behrman v. Newton,* 103 Ala. 525; *L. & N. v. Trammell,* 93 Ala. 350.

WILHOYTE & NATHAN, for appellee. The action of the court on the complaint was free from error.—*Walters v. A. G. S.,* 142 Ala. 474. The 2nd count was in tort.—2 Chitt's Pl. 487; Hutchison on Carriers 740; 3 Enc. P. & P. 819. Actions ex contractu and ex delicto may be joined.—Sec. 5329, Code 1907. Under the facts in this case the duty was on the carrier to account for the loss. —*So. Ex. Co. v. Hess,* 53 Ala. 19; *M. & W. P. R. R. Co. v. Moore,* 51 Ala. 394; *A. G. S. v. Little,* 71 Ala. 611; *Waters v. A. G. S., supra.* If appellant desired to take advantage of plaintiff's bankruptcy, it is necessary to set up same by special plea.—2 Chitty 488.

WALKER, P. J.—It is insisted in the argument for the appellant that the sixth and seventh grounds of de-

murrer to the second count of the complaint were well taken, and that the demurrer to that count should have been sustained. That count charges that the goods therein mentioned were delivered to and received by the defendant as a common carrier, to be carried by it for a reward from Sheffield, Alabama, to Haleyville, Alabama, "Which the defendant did not safely, securely, and within a reasonable time, carry and deliver the said goods for the plaintiff, and the said goods were lost to the plaintiff." Whether, construing the averments of this count of the complaint most strongly against the pleader, it is to be construed as attributing the loss of the goods to the breach of duty alleged, still there is no room to claim that the count fails to charge against the carrier a breach of its duty to carry safely and within a reasonable time. This breach of duty owing to the plaintiff being alleged, an actionable wrong is disclosed, even if it is to be said that it is not made clear that that wrong resulted in the loss of the goods to the plaintiff. There was no error in overruling the demurrer to this count of the complaint.

In the course of the examination of the plaintiff as a witness in his own behalf, it developed that, several years before this suit was brought and shortly after the claim sued on had accrued, the plaintiff had gone into bankruptcy and had scheduled this claim as part of his assets. The plaintiff's counsel then propounded to him the following questions: "Did you claim that as exempt to you?" "Was that claim set aside to you as exempt?" To each of these questions the defendant interposed objections, upon the grounds, among others, that the records and proceedings of the bankruptcy court, or a certified copy of the same, would be the only legal evidence of the fact inquired about, and that the records of the bankruptcy court were the best evidence. The court

overruled the objections, and to this action of the court the defendant duly excepted. The witness answered: "It was." The defendant, by a motion to exclude the answer of the witness, again presented the objection that this testimony was not the best evidence on the subject inquired about, and duly excepted to the action of the court in overruling the motion to exclude. The result was that, notwithstanding objections duly interposed, the plaintiff was allowed to testify that the claim in suit had been set aside to him as part of his exempt personal property. The ruling of the trial court was erroneous.

Under the bankruptcy statute, all property of the bankrupt passes to the trustee in bankruptcy, unless the bankrupt complies with the requirements of the state law in respect to claiming his exemptions, and, when there has been such compliance, it is the duty of the trustee to set aside the exempt property; his action in this regard being subject to exceptions by creditors.— Collier on Bankruptcy (8th Ed.) p. 144; *In re Edwards* (D. C.) 156 Fed. 794. The records are the best evidence on the questions of a compliance by the bankrupt with the requirements of the state law in respect to claiming the exemptions, and of the action of the trustee in setting aside the exempt property, and it was not proper, against objections duly and seasonably made, to admit the testimony of the witness in regard to these matters.

The plaintiff's ownership of the claim sued on was an essential element of the cause of action set forth in the complaint, and the plea of the general issue cast upon him the burden and necessity of proving such ownership.—*Ala. Gold Life Ins. Co. v. Mobile Mutual Ins. Co.,* 81 Ala. 329, 1 South. 561. When the fact was developed that the plaintiff had gone into bankruptcy, the plain-

tiff, in order to show that the claim sued on had not passed to the trustee in bankruptcy, undertook to prove that it had been set aside to him as part of his exemptions, but the evidence he offered in that connection was not the best evidence.

It is not necessary to consider other questions presented, as they may not arise on another trial.

Reversed and remanded.