**HILL v. HUCKABA.** (8 Div. 576.)

(Supreme Court of Alabama. Nov. 1, 1923.)

**1. Bankruptcy ⬅152—Title of trustee relates back to adjudication in bankruptcy.**

Upon appointment and qualification of a trustee in bankruptcy, his title to the bankrupt's property relates back to the adjudication in bankruptcy.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Bankruptcy ☜396(5)—Bankrupt after adjudication cannot, by taking possession of land, establish a homestead.**

Where a bankrupt had made no effort to establish homestead rights on property which he had conveyed to his father shortly before bankruptcy until after the filing of a bill by trustee in bankruptcy to set aside the conveyance, no homestead was established, as the trustee's title, unincumbered at time of adjudication, could not be incumbered by subsequent conduct of bankrupt.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Bill in equity by G. M. Huckaba, trustee, against J. R. Hill, and petition by Hill to have homestead set aside. From a decree denying his petition, respondent appeals. Affirmed.

A. A. Williams, of Florence, for appellant.

Petitioner did not lose his right to homestead exemption by failure to claim in the original suit. Cross v. Bank of Ensley, 205 Ala. 274, 87 South. 843. An insolvent debtor may acquire a homestead with money on which there is no claim. Reeves v. Peterman, 109 Ala. 366, 19 South. 512; Robinson v. Ferdon, 200 Ala. 549, 76 South. 907.

Mitchell & Hughston, of Florence, for appellee.

The land in question was not a homestead at the time of appellant's adjudication as a bankrupt, and his effort to so constitute it thereafter is futile. Bankruptcy Act 1898, § 70; 1 Remington on Bankr. § 1116; 7 C. J. 136; Martin v. Smith (Ky.) 104 S. W. 310; In re Rainwater (D. C.) 191 Fed. 738.

GARDNER, J. On October 22, 1920, J. R. Hill (appellant) was adjudged a voluntary bankrupt. A few days prior to such adjudication said J. R. Hill conveyed to W. L. Hill, his father, a certain tract of land consisting of 66 acres in Lauderdale county, Ala. G. M. Huckaba (appellee) was duly appointed and qualified as trustee of the bankrupt estate, and on December 18, 1920, said trustee filed a bill in the circuit court in equity seeking a cancellation of the above-mentioned deed upon the ground of fraud, and in February, 1922, a final decree was rendered granting the relief prayed, and canceling said conveyance. J. R. Hill had interposed no claim of homestead exemption in the bankrupt proceedings, but in July, 1922, filed his petition in the circuit court in equity in the cause wherein the conveyance to his father was declared fraudulent and void, seeking to have the court set aside those lands as a homestead. This petition was heard upon its merits, and, from the decree denying the relief prayed, petitioner, J. R. Hill, has prosecuted this appeal.

It appears without dispute that J. R. Hill, the bankrupt, had not resided upon the real estate here involved at any time prior to his adjudication as a bankrupt, nor prior to the appointment and qualification of the trustee, nor, indeed, at any time until after the filing of the bill by the trustee to set aside the conveyance by him to his father.

[1] Upon the appointment and qualification of a trustee in bankruptcy, his title to the bankrupt's property relates back to the adjudication in bankruptcy. 7 Corpus Juris, 136; Bankruptcy Act 1898, § 70 (U. S. Comp. St. § 9654). Indeed, it seems that for some purposes it has been held that the title relates back to the filing of the petition (7 Corpus Juris, supra), but with any question of that character we are not here concerned, as the effort of the bankrupt in the instant case to acquire a homestead right was subsequent to his bankruptcy adjudication.

[2] The weight of authority, if, indeed, the decisions are not uniform to that effect, establish the principle, which rests upon sound reasoning, that the bankrupt, after his adjudication in bankruptcy, cannot, by taking possession of the land, establish a homestead right, and thus by his subsequent conduct incumber the trustee's title, which was at the time of adjudication free from any homestead claim. In re Youngstrom, 153 Fed. 98, 82 C. C. A. 232, 18 Am. Bankr. Rep. 572; In the Matter of Fletcher, 16 Am. Bankr. Rep. 491; In re Rainwater (D. C.) 191 Fed. 738; Martin v. Smith (Ky.) 104 S. W. 310; In re Donahey (D. C.) 176 Fed. 458.

The case of Cross v. Bank of Ensley, 205 Ala. 274, 87 South. 843, upon which counsel for appellant lays much stress, in no manner conflicts with this conclusion. No trustee's title under bankruptcy proceeding was there involved, and in addition it appears that in the Cross Case the homestead right existed all the while, and the court was only dealing with the question as to the time of assertion by the debtor of the existing right.

We have read and considered the cases of Reeves v. Peterman, 109 Ala. 366, 19 South. 512, Robinson v. Ferdon, 200 Ala. 549, 76 South. 907, and Mullins v. Baker, 193 Ala. 594, 69 South. 516, also cited by appellant's counsel, but find them readily distinguishable from the instant case.

The court below correctly ruled in denying the petition, and the decree will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes