(123 So. 61)

**KIBBE v. SCHOLES et al.** (6 Div. 227.)

Supreme Court of Alabama. June 13, 1929.

H. A. Entrekin and E. C. Crow, both of Birmingham, for appellant.

W. P. McCrossin, T. J. Lamar, and W. A. Weaver, all of Birmingham, for appellees.

THOMAS, J. The assignment of errors and cross-assignment of errors present as the issue for decision, whether the failure of appellant, in his pleadings of voluntary bankruptcy, to declare, elect, and specify his exemptions, divested him of exemption right and invested in the trustee in bankruptcy of said estate whatever property right that inheres in this action.

It should be stated that there is no question of conflict of jurisdictions, state and federal; nor has there issued a restraining order from the federal court preventing the complainant from presenting his right or interest in the alleged exempt property to the equity division of the circuit court.

After the election of a trustee in bankruptcy, title, possession, and ownership of a bankrupt's property is transferred to the trustee, however, subject to liens and his exemptions that are provided by law. Coffman v. Folds, 216 Ala. 133, 112 So. 911; Collier on Banks, § 70, p. 1634; Johnson v. Collier, 222 U. S. 538, 539, 32 S. Ct. 104 (56 L. Ed. 306); Id., 161 Ala. 209, 49 So. 761; Roy v. Abraham, 209 Ala. 691, 96 So. 883.

Under the authorities, appellant in his bankrupt proceeding was not required, as a condition precedent to the perfecting of his title to the corpus of this suit, for his exempt property, to have listed the same in his schedules as exempt, or to specifically describe and select the same as such exempt property allowed him under the Constitution and laws of the state. This may be done at an appropriate time and stage of the proceedings. However, this record shows that appellant, in his petition originally filed in his proceeding in the bankrupt court, specifically declared that he thereby "surrenders all of his property, *except such as is exempt by law*, for the benefit of his creditors." Thus the bankrupt's original petition does not show that he has waived or alienated his right to his exemptions, real or personal, allowed him by law; but that he affirmatively asserted and reserved such right in the bankrupt court, in the lower court, and insists thereon in this court. Appellant's right to exemption secured by law is absolute and unqualified, and can be defeated only by due waiver or alienation thereof. As to his personal right or interest, the right of a trustee of intervention in a bankrupt's suit is limited to trust properties, which are subject to distribution to creditors. Roy v. Abraham, 209 Ala. 691, 96 So. 883; Coffman v. Folds, supra.

We have indicated that complainant was not required to specifically claim his exemptions, select or itemize in his original schedules of assets in the bankrupt court such property exempt to him by law. This may be done within the time and in the manner provided by statute. When the value of exempt property is less than the statutory exemptions allowed, the law effectuates the claim. In Alley v. Daniel, 75 Ala. 403, it is declared, if he has not personal property, exceeding in value $1,000, a selection is unnecessary, the law, without the doing of any act on his part, intervenes and attaches the right of exemption as absolutely and unconditionally as if

5

5777

the particular property was specifically designated and declared exempt. L. R. A. 1915D, 393, note; Brinson v. Edwards, 94 Ala. 447, 454, 10 So. 219; Skinner v. Jennings, 137 Ala. 295, 34 So. 622.

This rule was followed in the case of In re M. Ziff (D. C.) 225 F. 323, 35 A. B. R. 83, declaring: "In the bankruptcy court, as in the State court, where the personal property of the bankrupt exceeds in value one thousand dollars, selection would be necessary, and a failure to exercise selection by filing an itemized claim, would be fatal. However, where the debtor owns personal property of a less value than one thousand dollars, being entitled to it all, no duty of selection rests upon him and the exemption attaches to the property without selection and absolutely. Alley v. Daniel, 75 Ala. 405, 406. The same reason excuses the bankrupt from filing with his schedules an itemized list of the stock of goods claimed by him as exempt, in cases where his total personal property is less in value than the amount of his exemption. The requirement of a selection where the bankrupt is entitled to all, would be a futile one, and this excuses him in the bankrupt court, as under the State rule, from filing with his schedule an itemized list of personal property claimed by him as exempt in such cases."

▮ When the appellant has not waived or alienated his right to exemptions allowed by law, he alone has the right to prosecute, in his own name and behalf, the cause of action before us.

The trial court's decree striking the special plea is affirmed; and its decree sustaining demurrer is reversed, and the cause is remanded, if there is no tenable ground of demurrer.

Since writing the foregoing as to the insufficiency of the plea, it is thought well to make this excerpt from Collier on Bankruptcy (13th Ed. 1923) § 70, pp. 1744, 1745:

"Exempt property constitutes no part of the estate in bankruptcy, and does not pass to the trustee. Exemptions are created by the State law, and the function of the bankruptcy court is to sever the property found to be an exemption from the estate of the bankrupt, the title remaining in the bankrupt, the trustee having merely a qualified right to possession. The right to exemption is to be determined as of the date of the adjudication."

"A homestead is not an asset of a bankrupt estate, and is beyond the reach of creditors and likewise of the trustee who represents them. A voluntary conveyance of a homestead is not fraudulent as to creditors, who cannot take the homestead and have no concern about what the grantor receives. Sieg v. Greene (C. C. A. 8th Cir.) 35 A. B. R. 150, 225 F. 955, Ann. Cas. 1917C, 1006."

"The fact that exempt property was subject to certain claims of creditors, does not make such property assets, to pass to the trustee and to be administered by him with the other assets of the estate. The federal homestead act does not create an exemption, but merely a statutory benefit, and the title to the property passes to the trustee and the rights of the parties under the statute are to be worked out in the bankruptcy court. As soon as property is set aside to a bankrupt as exempt he has an assignable interest therein and may assign the property in good faith, although the assignment is made before the expiration of the twenty days allowed, under General Order No. 17, within which to file exceptions. As the title remains in the bankrupt, it descends to his heirs or legal representatives upon his death. In re Hester, Fed. Cas. No. 6,437, 5 N. B. R. 285; In re Lambert, Fed. Cas. No. 8,026, 2 N. B. R. 426; Rix v. Capitol Bank, Fed. Cas. No. 11,-869, 2 Dill. 367; Bullymore v. Cooper, 46 N. Y. 236; Fehley v. Barr, 66 Pa. 196."

▮ The federal homestead act created no exemptions, but merely a statutory benefit. Auge Case (D. C.) 238 F. 621, 39 A. B. R. 39. Here the trustee made no insistence to the equity that was exempt property to the bankrupt, and shown by his petition to have reserved.

▮ And under this bill the property was impressed with its character as the homestead, was less in area and value than the exemptions allowed complainant under the statutes of this state. That is, the facts in the case show that the property, here sought to be claimed by the discharged bankrupt as a homestead, did not at the time of the filing of the petition in bankruptcy exceed in area and value the amount and limit then allowed by our statute as exempt, and was not a part of a larger tract of land, and was treated reserved by the bankrupt as a homestead. The conclusion which was reached by the trial court in holding the plea insufficient is correct. The case of Pollak v. McNeil, 100 Ala. 203, 13 So. 937, holds that a selection of a homestead under these circumstances is not necessary. This decision was followed in Boutwell v. Spurlin Co., 203 Ala. 482, 83 So. 481; Helms v. Helms, 214 Ala. 580, 108 So. 509.

White v. Stump, 266 U. S. 310, 45 S. Ct. 103, 69 L. Ed. 301, it will be observed, holds that the right of an exemption by the bankrupt must be tested by the situation existing when the petition in bankruptcy is filed, and that, if the property is not exempt at that time, it passes to the trustee for the benefit of the creditors. The case holds that the trustee becomes vested "by operation of law with the title of the bankrupt to all property, in so far as it is not exempt," etc. That is, the bankrupt's right to the homestead exemption depends upon whether the property was exempt at the time of the filing of the petition, and that the bankrupt, under the Idaho law lost his homestead right, because he had not filed a declaration as required by the state law

when the petition in bankruptcy was filed. The important point, it will be observed, is that the state law as to exemption controls. And as our decisions hold it is unnecessary to make a selection if the property is impressed with the character of and as a homestead, and does not exceed in area and value allowed by law, it was unnecessary for the bankrupt to make a specific claim to the property as exempt when he filed his petition in bankruptcy. He reserved his homestead and exemption rights, and the property was then exempt under our statute.

The case of Hill v. Huckaba, 210 Ala. 262, 97 So. 816, by Mr. Justice Gardner, held that the bankrupt cannot after his adjudication take possession of land and establish a homestead right thereto. This decision was in a case between the trustee and the bankrupt, and was based on the obvious fact that the bankrupt had made no effort to establish homestead rights on the property, which he conveyed to his father shortly before bankruptcy, until after the filing of a bill by the trustee in bankruptcy to set aside the conveyance. No homestead was established; and the trustee's title, unincumbered at the time of adjudication, could not be incumbered by subsequent conduct of the bankrupt.

In Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843, the homestead right existed all the while, and the court was dealing with the question as to the time of the assertion by the debtor of the existing right. This case was followed in Coffman v. Folds, 216 Ala. 133, 112 So. 911, wherein it was held that the claim of homestead or exemption can be filed and asserted at any time before the sale of the property so claimed. Coleman v. Birmingham, etc., Co., 208 Ala. 160, 93 So. 904; Brunswick Co. v. Starnes, 214 Ala. 263, 107 So. 743; Poole v. Griffith, 216 Ala. 120, 112 So. 447.

Thus the instant case is distinguished from the case of Hill v. Huckaba, supra, since the property was impressed with its homestead character within the meaning of our statute when the petition was filed in bankruptcy; and there was no due insistence of any right, title, or interest therein by the trustee in bankruptcy that estate was settled and the trustee and bankrupt were discharged. The failure to schedule as assets did not affect the right now asserted. Watson v. Motley, 201 Ala. 25, 75 So. 147; Id., 249 U. S. 579, 39 S. Ct. 256, 63 L. Ed. 785; Davis v. Findley, 201 Ala. 515, 78 So. 869; Bagley v. Bagley, 206 Ala. 232, 89 So. 739; 1 Remington, Bankr., § 996.

The charging part of a bill is not uncommonly availed of to anticipate various pretenses on the part of a defendant which complainant was prepared to rebut. Sims, Chancery Practice, § 278, p. 174; § 202, p. 125; 1 Daniell, Ch. Pr., 429. Though the statute prohibits the "charging pretenses by the defendants" (section 6525, Code of 1928; section 3094, Code 1907), this has not been understood as prohibiting the use of the charging part to introduce matters formerly made the subject of a replication as a foundation for interrogatories to a discovery (1 Daniell, Ch. Pr., 429), or to anticipate honest defenses which the plaintiff knows, or has good reason to believe, the defendants, or one of them, will set up. 1 Daniell, Ch. Pr., 429; McDonnell v. Finch, 131 Ala. 85, 89, 31 So. 594. Mr. Sims says (Sims, Ch. Pr., p. 175, § 279):

"*Charging part valuable to prevent pleas.*— Another valuable use to be made of the charging part of the bill, is to prevent the defendant from filing a plea to the bill. For by rebutting the pleas which it would appear that the defendant is likely to file, by setting up in different charges other facts rendering them worthless, the defendant is forced to answer the bill and to go to trial upon the facts at once. And the charging part not being limited to one counter defense, a careful pleader for the plaintiff can by the use of this part present all the surrounding circumstances which may help his cause if they would have any relevancy to any reasonably probable defense, even though they might be impertinent to the equity of the stating part of the bill as it has been presented."

It is not doubted but that a defendant is required to prove the affirmative matter of the plea, and the plaintiff must prove the affirmative matter of the bill that is denied by the plea. Langdell Eq. Pl.; §§ 111, 113. That if the plea sets up a purchase for value without notice, the bill having anticipated the defense *and charged notice*, the defendant is required to prove "only a purchase for value" and plaintiff to prove that the defendant had notice—"information or knowledge"—of the equity charged in the bill. Hightower v. Rigsby, 56 Ala. 126, 128; Alston v. Marshall, 112 Ala. 638, 20 So. 850; Hanchey v. Hurley, 129 Ala. 306, 311, 30 So. 742; Williams v. State, 215 Ala. 546, 112 So. 114; McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am. St. Rep. 54. And if the bill (not being required to aver notice) does not show, by appropriate averment, the fact of a bona fide purchaser for value without notice, it is defensive matter and the subject of plea and answer. Kelley v. Chandler, 184 Ala. 358, 63 So. 941; Hodnett v. Howle, 207 Ala. 39, 91 So. 604; Adams v. Pollak, 217 Ala. 688, 117 So. 299. See, also, Bank of Luverne v. Birmingham Fert. Co., 143 Ala. 153, 39 So. 126.

With these established rules of equity pleading and practice before us, how is "notice" required to be well pleaded, affecting the bill as per second amendment? In McKee v. West, 141 Ala. 531, 534, 37 So. 740, 741 (109 Am. St. Rep. 54) a bill in equity, the plea of bona fide purchaser for value without notice of complainant's equity was held as sufficiently pleaded within the rule (Wood v. Holly Mfg. Co., 100 Ala. 326, 350, 13 So. 948 [46

Am. St. Rep. 56]; Gresham v. Ware, 79 Ala. 192; May v. Wilkinson, 76 Ala. 543; Hooper v. Strahan, 71 Ala. 75; Craft v. Russell, 67 Ala. 9), admitted "a knowledge of the contents of the deed" in question, and that the consideration therein expressed is love and affection; but the plea "denies any notice of the existence of complainant's debt, or notice of any fact calculated to put the respondent upon inquiry."

In Wood v. Holly Mfg. Co., supra, is quoted the defense of a bona fide purchaser in an answer, as declared by Judge Somerville in the leading case of Craft v. Russell, 67 Ala. 9; and in Hooper v. Strahan, 71 Ala. 75, 79, 80, as follows: "'1st. That he is a purchaser from one in actual or constructive possession, who was seized or claimed to be seized of the legal title, at the same time briefly setting out substantially the contents of the deed of purchase, with date, consideration and parties; 2nd, that he purchased in good faith; 3rd, that he parted with value by paying money or other valuable thing, assuming a liability, or incurring an injury, stating the nature of the consideration fully; 4th, that he had no notice of complainant's equity, and knew of no fact calculated to put him on inquiry, either at the time of the purchase, or at or before the time he parted with the consideration.'" Craft v. Russell, 67 Ala. 9; 1 Brick. Dig. p. 718, § 1134; Story's Eq. Plead. § 805.

The same rule was again quoted in May v. Wilkinson, 76 Ala. 543, 545. In Gresham v. Ware, 79 Ala. 192, 198, speaking of defendant's defense, the Court said: "But Bingham does not, either in his answer or otherwise, bring himself within the rule of protection. To make out the defense of innocent purchaser for value, the purchaser must not only state the purchase and the *bona fide* payment of the consideration, with circumstantiality of details, *but also must deny notice of the outstanding equity, and knowledge as to any fact sufficient to put him on inquiry, previous to and down to the time of paying the money; and the denial must be positive and not evasive, whether notice be or be not charged by the bill.*—Ledbetter v. Walker, 31 Ala. 175; Wells v. Morrow, 38 Ala. 125; Hooper v. Strahan, 71 Ala. 75; May v. Wilkinson, 76 Ala. 543." [Italics supplied.]

In Bank of Luverne v. Birmingham Fertilizer Co., 143 Ala. 153, 39 So. 126, the bill in equity containing the averment that the purchaser was charged with notice of the trust is insufficient, being merely a conclusion of law drawn by the pleader from other facts alleged in the bill. This case has not since been cited by this court, as shown by Shepard's Annotations, while the case of McKee v. West, supra, is cited with approval in Kelley v. Chandler, 184 Ala. 360, 63 So. 941, and Russell v. Bohlin, 200 Ala. 526, 76 So. 851; 31 Cyc. p. 57—14; 29 Cyc. 1124. Is there conflict in Bank of Luverne v. Birmingham Fertilizer Co., supra, and McKee v. West, 141

Ala. 531, 37 So. 740, 109 Am. St. Rep. 54? There is not when it is noted that the pleading in the Luverne Case used the words "charged with notice" and no other facts are averred. Craft v. Russell, 67 Ala. 9; Buford v. McCormick, 57 Ala. 428; Ledbetter v. Walker, 31 Ala. 175, and Boone v. Chiles, 10 Pet. 177, 9 L. Ed. 388; Sims Ch. Pr. § 278, notes.

We find no defect, in the bill as per the second amendment, as to the form employed in the averment of knowledge or notice by Mrs. Chambers of complainant's equity when said defendant purchased of Scholes the real property in question.

The several amendments, in so far as they are applicable, constitute the bill as last amended. Leddon v. Stickland, 218 Ala. 436, 118 So. 651. The grounds of demurrer (filed March 8, 1927) directed to the bill as amended of dates of June 2, 1925, March 12, 1926, and February 11, 1927, were refiled to the bill as last amended on May 23, 1928, and were not sufficient to challenge the averments of lis pendens contained in the last amendment. And the sustaining of demurrer to the bill as last amended must be rested on other tenable grounds urged, if such there be.

It is sufficiently averred that, when the instrument was executed and delivered to her, defendant Chambers was aware of complainant's right, title, or interest in the premises, or that the facts averred, and of which she was in possession, under the law, put her on inquiry concerning complainant's right, title, or equity in the premises.

In the third paragraph of the second amendment it is averred that defendant, and not complainant, was in default as indicated, as to compliance with the provisions of the contract when the deed was demanded and refused, and when the latter was ejected from the premises which were occupied as a homestead; and that he was ejected by defendant Scholes' agent.

The bill proceeds for the enforcement of a contract and not for its breach. The prayer of the bill is that on an accounting his damages sustained by his eviction be ascertained with "any other amounts or accounts due by defendant," and that complainant have credit therefor. The damages claimed were for physical hardships, mental anguish, embarrassment, and humiliation among his friends and neighbors. The averments of damages by his eviction from his home are specifically declared and claimed in paragraph 5 of his first amendment, and not in paragraph 4 as alleged in the last amendment. The ruling of the court in sustaining demurrers to the bill as originally filed, and as sought to be perfected by said amendment, may not be justified under the tenth and twelfth grounds of demurrer challenging the collection of damages sought. It may not be necessary on this feature of the bill to do more than refer to the general rules that ob-

tain in a court of equity. Demurrer sustained was to the bill as a whole. Eureka Coal Co. v. Louisville & N. R. Co., ante, p. 286, 122 So. 169.

The several classes of cases where the sufficiency and completeness of legal remedy are certain, and equity does not take cognizance, speaking generally, Mr. Pomeroy says, are: (1) "Where the plaintiff holds or claims a purely legal estate in land, and simply seeks to have his title adjudicated upon, or to recover possession, * * * there being no equitable feature as fraud, mistake, or otherwise, calling for the application of equitable doctrine or the granting of peculiar equitable reliefs," as to remove a cloud on his title. 1 Pomeroy's Eq. Juris. (4th Ed.) § 177. (2) "Cases in which the remedy is a mere recovery of money do not ordinarily come under the concurrent jurisdiction"; or "where the primary right of the plaintiff is purely legal, as arising from the nonperformance of a contract or from a tort, and the money is sought to be recovered as a debt or as damages, and the right of action is not dependent upon or connected with any equitable feature or incident as fraud, mistake, accident, trust, accounting, or contribution, and the like, and full and certain remedies are afforded by actions at law, and equity has no jurisdiction." § 178–a, 1 Pomeroy's Eq. Juris. p. 229, and authorities in note. Askew v. Myrick, 54 Ala. 30; Andrews & Wife v. Huckabee's Adm'r, 30 Ala. 143.

The cases on concurrent jurisdiction are collected in the note to section 180, 1 Pomeroy's Eq. Juris. p. 238.

It results that the decree of the circuit court is reversed, and the cause remanded, for sustaining demurrer to the bill as amended.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J. (dissenting). It seems to be the settled law that all property of the bankrupt, not exempt under the laws of the state, passes to the trustee in bankruptcy. Northern Alabama Ry. Co. v. Feldman, 1 Ala. App. 334, 56 So. 16 (Opinion by Walker, P. J., now Judge of the United States Circuit Court of Appeals); 7 C. J. p. 113, § 186. And property not scheduled by the bankrupt passes under the bankrupt law as well as that scheduled. 7 C. J. 131, § 221.

"Although the state law governs with respect to the right to exemptions, the Bankruptcy Act governs with respect to the time and manner of claiming exemptions and the method of ascertaining the value of the property claimed as exempt, and of setting apart the exemption, and the bankrupt's right to exemption can be made available only in the manner prescribed by the act." 7 C. J. 354, § 620, and authorities cited in notes 37, 39, and 40; Northern Alabama Ry. Co. v. Feldman, supra.

Nothing is decided to the contrary in Matter of M. Ziff (D. C.) 225 F. 323, 35 A. B. R. 83, cited in the majority opinion. In that case the exemptions were scheduled and claimed in the bankruptcy proceedings, and the claim was contested by the creditors on grounds, among others, that the bankrupt had lost his right to claim exemptions in the bankruptcy proceedings, "(3) by failing to claim his exemptions in the Probate Court, as provided by section 4168 of the Alabama Civil Code, and (4) by failing to itemize the articles claimed as exempt in his claim filed in the bankrupt court;" and all that the cited case holds in this respect is that, where the property owned by the bankrupt does not exceed his exemption, the filing of a claim in the probate court is not essential, nor is it necessary in such case to itemize the property claimed in the bankrupt court.

The plea filed by the respondents, I agree, was not good as one in abatement, but, if there has not been an abandonment of the property or cause of action here involved by the trustee in bankruptcy, the facts set up are good in bar of the suit. Northern Alabama Ry. Co. v. Feldman, supra.

Moreover, it does not appear that the complainant was occupying the property as a homestead at the time he was adjudged a bankrupt, and his right to assert that the property was exempt, so as to prevent the title from passing, must exist at the time of his adjudication. Matter of M. Ziff, supra.

It is essential to the right asserted for the complainant to show that Margaret Chambers had notice of the complainant's equity in the property, and the only averment in the bill in respect to notice is that "the defendant, Margaret T. Chambers, was aware of complainant's right, title and interest in said premises, *or was in possession of and had facts brought to her attention sufficient to put her upon inquiry concerning complainant's right, title and interest therein.*" (Italics supplied.) This averment being in the alternative, on demurrer questioning its sufficiency, is no stronger than the weakest alternative, and it is too clear to permit of argument that the italicized alternative is nothing more than a conclusion of the pleader, and is no stronger than the averment condemned in Bank of Luverne v. Birmingham Fertilizer Co., 143 Ala. 153, 39 So. 126. See, also, Town of Cullman v. McMinn, 109 Ala. 614, 19 So. 981.

In McKee v. West, 141 Ala. 531, 532, 37 So. 740, 741 (109 Am. St. Rep. 54) the plea approved alleged as facts: "That on the 28th day of May, 1902, the respondents, Mattie Langford and Emma Williams, were in the actual or constructive possession of the lands described in the bill and were seized, or claimed to be seized, in the transactions with this respondent, with the legal title to said

lands; that on said date he made a loan of money to the said Mattie Langford and Emma Williams, and that contemporaneously therewith he took from them a mortgage to secure the repayment of said sum of money and the interest thereon; that before making said loan he required an examination of the records in the office of the Judge of Probate of Marengo county by an attorney, who reported that the title to said lands was in the said Mattie Langford and Emma Williams; that relying on these facts he made the loan and took the mortgage to secure the same; that at the time he made such loan and took said mortgage, the execution issued out of the Circuit Court of Perry county on the judgment against M. J. Williams in favor of the complainant had not been received by the sheriff of Marengo county; and that he had no notice of the complainant's equity and knew of no facts calculated to put him on the enquiry, either at or before the time he parted with the money loaned or at or before the time he took the mortgage on the said lands to secure the said loan."

The fifth ground of demurrer is: "For that the allegation that the respondent, Margaret T. Chambers, was in possession of and had facts brought to her attention sufficient to put her on inquiry concerning complainant's right in the premises, is but the conclusion of the pleader," was well taken, and justified the chancellor in sustaining the demurrer to the bill as last amended.

The averments in respect to lis pendens are clearly insufficient. Code of 1923, § 6878.

For the foregoing reasons, though I think there are others of equal merit, I am of opinion that the decree of the circuit court is free from error and should be affirmed, and therefore respectfully dissent.