Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 It appears by the record that the otter to redeem was made by the agent of the owner on the 10th of April, 1869, less than two years from the sale. This was within proper time, as allowed by law.
 

 It is clear that a decree in bankruptcy, without more, will not, under the Bankrupt Act, which in the first part of its eleventh section provides for the decree, have the effect to discharge the debts of the petitioner nor to divest him of the title to either his real or personal estate. And argument is hardly necessary to show that none of the proceedings contemplated in- any part of the eleventh section, or those directed in the twelfth, have that effect, as neither of the sections contains any language whatever to import or indicate that anything of the kind was intended by the framers of the act.
 

 Conclusive support to this view, if any be needed, is derived from the fourteenth section of the act. Prior to the assignment and conveyance authorized and directed by that section, the title, whatever it be, of the estate belonging to the debtor, both real and personal, remains unchanged, except'that the court, in certain cases, may in the meantime restrain the debtor or any other person, by injunction, from making any transfer or disposition of any part of the same, not excepted from the operation of the act.
 

 Sufficient appears in the sections of the act referred to, when considered in connection with the admissions and other evidence exhibited in the record, to show beyond doubt that the instruction of the court under discussion is erroneous, and that the error was of a character to supersede every question of fact submitted to the jury. •
 

 Plenary evidence was given that the offer to redeem, as
 
 *274
 
 exhibited in the transcript, was made on the 10th of April, 1869, and the assignee of the estate of the bankrupt was not appointed and qualified as such until the 19th of April in the same year, and the testimony reported shows that the bankrupt was in the possession of the premises and that he ever after continued in the possession of the same to the present time.
 

 Whether or not the evidence introduced to prove that an offer to redeem the premises was made at the time was sufficient to avail the defendant as equivalent to a tender, it is not necessary at the present time to decide, but the court is of the opinion that it was of such a character, in view of a recent decision of this court, that it ought to have been submitted to the jury, untrammelled by a prior instruction, which in substance and effect amounted to a direction to the jury that their verdict must be for the plaintiff.
 

 Such an offer to redeem it was held, in the case of
 
 Barnet
 
 v.
 
 Hunter,
 

 *
 
 might be made by the owner or by an agent or by any person willing to act for the’party interested, upon the ground that an act done by a third person for the benefit of another is valid if ratified either expressly or by implication, and that such ratification will be presumed in furtherance of justice. Since that time it has also been decided, in the case of
 
 Tracy
 
 v.
 
 Irwin,
 

 †
 

 that if the tax commissioners announce that they will not receive the payment of the taxes in such cases unless tendered by the owner, that a formal offer by another to pay is unnecessary, that it is enough if a relative of the owner went to the office of the commissioners to see after the payment of the tax, even though he made no formal offer to pay, because such an announcement is in effect a waiver of a tender by the commissioners, they having declined to receive payment unless the tender is made by the owner in person.
 

 Apply that rule to the case and it is clear that the evidence introduced by the defendants tending to show an offer to redeem the premises should have been submitted to the
 
 *275
 
 jury under proper instructions. Instructions of the kind, however, would have been useless after the jury had been told that the defendant ceased to be the owner of the land, and that he lost his right to redeem the same when he was adjudged a bankrupt, it appearing that the decree was entered before the offer to redeem was made, as assumed by both parties.
 

 Enough appears in the language of the fourteenth section of the Bankrupt Act to demonstrate the proposition that the instruction of the Circuit Court in that regard was incorrect, nor is the question affected in the least by the fact that the same section provides that such assignment or conveyance shall relate back to the commencement of the proceedings, as the instrument of assignment cannot operate either retrospectively or prospectively before it is executed. Until an assignee is appointed and qualified and the conveyance or assignment is made to him, the title to the property, whatever it be, remains in the bankrupt, which is the plain meaning of the fourteenth section of the Bankrupt Act.
 
 *
 
 Different regulations in that respect were enacted in the former Bankrupt A.ct, as the third section of that act provided that “all the property and rights of property, of every name and nature, of the bankrupt, not excepted from the operation of the act, . . . shall, by mere operation of law
 
 ipso facto, from the time of such decree,
 
 be deemed to be divested out of such bankrupt, without any other act, assignment, or other conveyance whatsoever.”
 
 †
 
 Unlike the old act, the existing act makes it the duty of the court, or, where there is no opposing interest, of the register, by an instrument under his hand, to assign and convey to the assignee all the estate, real and personal, of the bankrupt, and the rule is that such a conveyance or assignment divests the bankrupt of the whole of his property, except what is exempted from the operation of the Bankrupt Act, and vests the title to the same in the assignee, but the record in this case shows that
 
 *276
 
 no assignee had been appointed when the alleged offer to redeem was made, which affords a demonstration that the charge of the court that he had ceased to be the owner of the land and thereby lost his right to redeem was improper, being equivalent to a direction to the jury to find a verdict for the plaintiff.
 
 *
 

 Judgment reversed, and the cause remanded with directions to issue
 

 A new venire.
 

 *
 

 9 Wallace, 338.
 

 †
 

 18 Wallace, 550.
 

 *
 

 Sutherland
 
 v.
 
 Davis, 42 Indiana, 28.
 

 †
 

 5 Stat. at Large, 443 ; Ex parte Newhall, 2 Story, 362; Oakey
 
 v.
 
 Bennett, 11 Howard, 44.
 

 *
 

 Wright
 
 v.
 
 Johnson, 4 National Bankrupt Register, 627; Same Case, 8 Blatchford, 150; Bump on Bankruptcy (7th ed.), 22.