## In re MARSCHALL.

(District Court, S. D. Florida. February 21, 1923.)

1. **Bankruptcy ⬅400(1)—Court has jurisdiction to determine facts on which exemption depends.**

Under Bankruptcy Act, § 2, cl. 11 (Comp. St. § 9586), empowering the court to determine all claims of the bankrupts to their exemptions, the court has jurisdiction to ascertain the facts upon which the bankrupt's claim to homestead exemption depends, which under Const. Fla. art. 10, §§ 1, 2, includes a determination of whether the bankrupt owned the property which he claimed as a homestead.

2. **Bankruptcy ⬅398(3)—Adverse claimant of property brought into court to be segregated as exempt must present claims to bankruptcy court.**

Where the bankrupt had scheduled as part of his estate certain lands which he claimed as a homestead and in which he desired to have his exemption segregated, creditors who claimed those lands adversely to him under a deed from him and his wife must come into the bankruptcy court to establish their claim under the well-established rule that the court having jurisdiction over and custody of the res will hear and determine all rights to it.

3. **Bankruptcy ⬅400(1)—Court can bring in wife of bankrupt for determination of adverse claim to exempt property.**

Under Bankruptcy Act, § 2, cl. 6 (Comp. St. § 9586), giving the bankruptcy court power to bring in additional persons, where necessary for the complete determination of the matter in controversy, the court can bring in the wife of the bankrupt in order to determine the right of the bankrupt to a homestead in lands adversely claimed by creditors under a deed from the bankrupt and his wife.

4. **Jury ⬅19(9)—Determination of adverse claim to exempt property does not unconstitutionally deny jury trial.**

Where creditors of a bankrupt claimed under a deed from the bankrupt and his wife, the property which the bankrupt asked to have set aside as his homestead, a determination of that claim by the bankruptcy court after bringing the wife into court for that purpose did not deny the bankrupt and his wife the right to a trial by jury guaranteed by Const. art. 3, § 2, subd. 3, since the bankruptcy court is a court of equity, and can apply the rule that equity having taken jurisdiction of the subject-matter will administer all the rights of the parties in and to the same, and especially where the bankrupt had submitted his claim of homestead to that forum.

5. **Homestead ⬅21—Wife's interest depends on ownership by husband.**

Under the Constitution and laws of Florida, the interest of the wife in the homestead depends on the fact that the property is exempt to her husband, and no interest is vested in her adverse to the husband, except in so far as her right to prevent alienation is given.

6. **Bankruptcy ⬅400(4)—Findings of referee, who saw witnesses, is entitled to weight.**

The findings of the referee, who had the witnesses before him, heard them testify and saw their demeanor on the stand, as to the execution of the disputed documents, should be given weight.

7. **Bankruptcy ⬅398(3)—Referee can order delivery of property in court's possession to adverse owner.**

Where a bankrupt had scheduled certain lands as part of his estate, and sought to have them set apart to him as a homestead, thereby vesting the possession of the lands in the trustee, the referee had authority to award possession of the land to an adverse claimant by reason of a prior joint conveyance of the husband and wife.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Bankruptcy ⊜⟶398(1)—Wife's possession of homestead cannot be adverse to bankrupt husband.**

A wife cannot have possession of the homestead property under the Florida laws, adverse to the possession of her husband, which he had delivered to the trustee in bankruptcy for the purpose of having it set apart as exempt.

In Bankruptcy. In the matter of Matthias Marschall, bankrupt. On exceptions by the bankrupt and his wife to the order of the referee ordering the trustee to deliver certain lands to Crawford and Finkelstein, who claimed them under a deed from the bankrupt and his wife. Exceptions overruled, and report of the referee confirmed.

Cockrell & Cockrell, of Jacksonville, Fla., for petitioning creditors.

John W. Dodge, of Jacksonville, Fla., for bankrupts.

CALL, District Judge. On October 22, 1921, the bankrupt filed his petition and on October 24th was duly adjudged a bankrupt. The bankrupt in his schedules described certain lands in Nassau county, Fla., aggregating some 230 acres, consisting of three parcels conveyed by different persons to him and claimed as exempt said lands by reference to the record books of land titles of said county. At the creditors meeting a trustee was duly selected and subsequently qualified.

On November 23d, following, Crawford and Finkelstein, two creditors, scheduled by the bankrupt, filed their petition, reciting certain terms in the schedules bearing upon the lands and claim for homestead, and then stating that the lands are not the property of the bankrupt, but that said bankrupt, joined by his wife, had for a valuable consideration, conveyed all of said real estate to Crawford, for himself and the other petitioner, by a valid warranty deed of conveyance, duly acknowledged and recorded in the records of said county, and, further, that subsequent to making and delivery of the deed to Crawford, a lease for the term of one year was executed and delivered to, and accepted by, the wife of the bankrupt, of all of said lands for the term of one year, and that the bankrupt and his wife remained in possession of same premises under said lease for the term thereof, and at the expiration of the term refused to deliver possession upon demand, and therefore prays that said wife be brought into the proceeding under section 2 of the Bankruptcy Act; that, prior to the bankruptcy, proceedings had been commenced in the state court to recover possession of the lands described in the schedules. Among the prayers of the petition:

(5) "Ascertain and adjudge that the deed purporting to convey said lands to petitioner Crawford divested the bankrupt and his wife and vested the fee-simple title to said petitioner, and cause the trustee or marshal to place petitioner in actual possession."

The petition deals with other matters which are not relevant to the present hearing. Upon the hearing on the petition, a rule was issued by the referee, requiring the wife to appear and interpose such objections to the petition and order, and make such defenses, and pre-

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

sent such claim as she saw fit, to the property in controversy. On May. 16, 1922, this rule was served upon the wife. In response to the rule the wife specially appeared and moved for a discharge of the rule, challenging the jurisdiction of the court to make said rule. This motion was denied by the referee. The wife then made a return to the rule in the nature of an answer, not under oath, admitting the marital relation with the bankrupt, denying the allegations of the petition, admitting that she claims an interest in 160 acres of land as the homestead of her husband, denying that she ever executed any deed or deeds whereby she parted with her interest in the homestead; and denying the tenancy.

On the 15th of December, 1921, the bankrupt filed an amended claim of homestead and exemption, specifically describing the real estate claimed and a list of the personal property. On February 15, 1922, the trustee made his report, setting aside to the bankrupt the lands described in the amended claim of homestead, giving the value of same. Exceptions to the report of the trustee were filed by the petitioning creditors, Crawford and Finkelstein.

Issue having been joined on the answer to the rule, the referee took testimony of the parties and their witnesses, and after a hearing made his findings and his order on the 19th day of October, 1922, wherein he found the issues in favor of the two creditors, and ordered the trustee to deliver possession of the premises to the two creditors. Whereupon the bankrupt and his wife filed their petition to have said order reviewed.

There are 29 assignments of error. The first 15 are based upon the findings of the referee on the evidence. The next 3 are addressed to the order of the referee on the findings of fact. The nineteenth challenges the correctness of the findings and order thereon, on the grounds: (a) That the court is without jurisdiction to make said orders and findings; (b) that the same are severally not within the power of the referee to make; (c) that the referee, as a matter of law, was without both the power and jurisdiction to make such order; (d) the referee, as to homestead and exemption, had no power or jurisdiction, as is shown by said orders severally he exercised; and (e) the referee had no power to do anything but to set aside the exemption. The twentieth and twenty-first are based upon the power of the referee to hear and determine the issues made by the petition and answer as to the homestead. The twenty-second and twenty-sixth question the power of the referee to hear and determine the right of the wife. The twenty-third assigns as error the order of the referee denying the motion of the wife to discharge the rule served upon her. The twenty-fourth is virtually a repetition of the nineteenth above; the twenty-fifth, that the evidence shows the deeds to Crawford and Finkelstein were void. The twenty-seventh, twenty-eighth, and twenty-ninth are that the effect of the order is to deprive the bankrupt and his wife of a trial by jury as to the title to the lands.

The initial question to be decided is: Has the court of bankruptcy the jurisdiction to decide the questions raised by the petition, answer, and exceptions to the trustee's report, setting aside the homestead and

exemption? This question is raised by the motion to discharge the rule and by several assignments of error in the petition to review.

Bankruptcy Act, § 2, cl. 6 (Comp. St. § 9586), provides that the bankruptcy court shall have power to bring in and substitute additional persons or parties in proceedings in bankruptcy, where necessary for the complete determination of a matter in controversy; (7) cause bankruptcy estates to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided; (11) to determine all claims of bankrupts to their exemptions; (15) make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act. Section 6 (Comp. St. § 9590) provides for the exemption to the bankrupts such as are allowed by the laws of the state in force at the time of the filing of the petition.

Article 10, § 1, of the Constitution of Florida provides that a homestead to the extent of 160 acres of land owned by the head of a family residing in this state, together with $1,000 worth of personal property, shall be exempt from forced sale, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. Section 2 of the same article provides that the exemptions provided for as above shall inure to the widow and heirs of the party entitled to such exemption.

[1] Under clause 11 of section 2 of the Bankruptcy Act, the court was vested with power to determine all claims of bankrupts to their exemptions. This power to determine the claim must include the power to ascertain certain facts by the bankruptcy court. Under the Florida law these facts are: Is the bankrupt the head of a family residing in the state? Does he own property sought to be exempted, and where, as in the instant case, the claim is made that the property sought to be exempted had been disposed of before the bankruptcy proceedings by the joint act of husband and wife, as required by the provisions of the Constitution?

It is the property of the head of the family which is exempt, whether absolute or conditional. In a case like the present, it does not seem to me that the bankrupt, who brings the property within the jurisdiction of the bankruptcy court and demands to have a portion of it set apart to him as exempt, will be heard to say the court is without jurisdiction to determine one of the facts necessary to be ascertained, to wit, his ownership of property sought to be exempted.

[2] The court having jurisdiction of the property for the purpose of segregating the exempt portion from that not exempt, claimants of the same adverse to the bankrupt must, it seems to me, come into the bankruptcy court to establish their claim, under the well-established rule that the court having jurisdiction over and custody of the res will hear and determine all rights to such res. And the jurisdiction of bankruptcy courts is exclusive within the legal powers of said courts.

[3, 4] The wife objects to being brought into the proceeding in order to determine the right of the bankrupts to a homestead. The power to do this, it seems to me, is fully given by clause 6 of section 2 of the.

act. I am therefore of opinion that the proceeding was properly brought, and that the referee had power to hear and determine the issues. The objection is also made that this proceeding deprives both the bankrupt and his wife of a trial by jury, guaranteed by the Constitution of the United States (article 3, § 2, subd. 3). This contention is not, in my opinion, well taken. The bankruptcy court is a court of equity, and when proceeding pursuant to the proper jurisdiction of the court will act in the light of the rule that, equity having taken jurisdiction of the subject-matter, it will administer all the rights of parties in and to the same. Again, this is the forum to which the bankrupt submitted his claim of homestead, and it is his right that is being adjudicated.

This is not a case of abandonment or death of the head of the family, in which cases some courts have held that the wife may maintain the claim. The husband is here insisting that he owns the property and is entitled to the homestead. Any right of the wife, except the right to prevent alienation, depends upon the right of the husband to have set apart to him the homestead, and must be decided under the Constitution and laws of Florida. I am therefore of opinion that the objection to the referee's order, that it deprives the bankrupt and his wife of a jury trial, contrary to the Constitution of the United States, is not well taken.

Nor is this a case where the bankruptcy court is attempting to administer exempt property as was the case in Birmingham Finance Co. v. Chisolm (C. C. A.) 284 Fed. 840, in which the court undertook to decide claims to exempt property. The property in the instant case was decided not to be exempt, as not the property of the head of the family.

[5] Under the Constitution and laws of Florida, the interest of the wife depends upon the fact that the property is exempt to the husband. No interest is vested in her, adverse to the husband, except in so far as her right to prevent alienation is given by that instrument. She has no right to exempt the same as a homestead, except under the unusual circumstances of the cases where such right has been given her by the courts, and then she acts in behalf of the head of the family, who is not in position to make such claim himself. In this case the head of the family is here asserting his right, and has brought the corpus within the jurisdiction of this court. The question before, and decided by, the referee, was:

"Had this property been disposed of by the bankrupt and wife pursuant to the constitutional provision?"

[6] I now come to the consideration of the exceptions challenging the correctness of the referee's finding on the evidence. The testimony is voluminous, and time will not permit a discussion of the same. The referee had the witnesses before him, heard them testify, saw their demeanor on the stand on the issues as to the execution of the documents, and his findings on same should be, in my judgment, given some weight. After a careful review of this testimony, I am of opinion that there is no error in the findings of fact.

[7, 8] Exception is taken to that part of the referee's order requiring the trustee to deliver possession to Crawford and Finkelstein. This part of the order seems to me proper, for the reason that by the act of the bankrupt the property was bought, and such possession as he then had vested in the trustee for the purpose of segregating 160 acres from the 230 acres contained in the several tracts, and, the referee having found that no right of exemption existed in homesteader by reason of the prior joint conveyance of husband and wife, it was his duty to deliver possession to the owners. The wife's possession could not be adverse to that of her husband, it seems to me, under the circumstances of this case.

The exceptions of the bankrupt and his wife will be therefore overruled, and the report of the referee confirmed.