(96 South. 883)

ROY v. ABRAHAM. (3 Div. 614.)

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 28, 1923.)

1. Bankruptcy ⬤⟲400(1)—Creditor with notice who permits exemption to be set apart by bankruptcy court cannot attack allowance in suit in state court.

Since the bankruptcy court is expressly vested with jurisdiction to determine the claim of a bankrupt to exemptions under the statutes of the state, a creditor, who was notified of proceedings and failed to contest the claim of exemption or failed to appeal from the judgment of the bankruptcy court allowing it, is precluded from questioning the validity of the allowance in another proceeding in the state court.

2. Bankruptcy ⬤⟲400(1) — Bill held not to show creditor had no notice of proceedings to set apart exemption to bankrupt.

A bill by a creditor, having a judgment on a note waiving exemption, to subject to the

satisfaction of his judgment property set apart by a bankruptcy court as exempt property of the judgment debtor, which alleged that no trial was had on the claim of exemption which was allowed and set over to the bankrupt on ex parte proceedings by the bankruptcy court without adverse proceedings against the parties, is insufficient to show that complainant had no notice of the proceedings in the bankruptcy court under the claim for exemptions.

### 3. Judgment ⬅️460(2)—Pleading to set aside should be definite.

A pleading to set aside a judgment should be definite, and the nonexistence of facts which invalidate the judgment should not be evaded, and mere inference is insufficient to show the invalidity of the judgment when the question is raised by proper demurrer.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by James D. Roy against Adolph Abraham. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

It is alleged that on April 17, 1913, complainant recovered judgment, in the circuit court of Montgomery, against respondent, the basis of which was two promissory notes waiving exemptions; that said judgment was recorded in the probate office on April 22, 1913; that in April, 1919, respondent was adjudged a bankrupt, at which time he was the owner of an undivided one-fourth interest in certain property in the city of Montgomery; that before his discharge in bankruptcy respondent did not schedule said property; and that afterwards, in June, 1921, respondent petitioned the bankruptcy court to be allowed to schedule such property and to exempt it to him as a homestead, which order was made by the court, and respondent is now in possession of said one-fourth interest.

Amended paragraph 5 of the bill is as follows:

"That there was no trial had or any adjudication in the bankruptcy court of the United States in which said Adolph Abraham was adjudicated a bankrupt, by which the said one-fourth interest in said lot described in the fourth paragraph of this bill was adjudged to constitute and be an exemption to said Adolph against orator's claim and lien thereon, but said lot was only allowed and set over to him on an ex parte proceeding by said bankruptcy court without adverse proceedings against parties. And orator alleges that said Adolph Abraham is insolvent and unable to pay said judgment except by sale of said lot as owned by him."

It is prayed that the balance due on complainant's judgment be declared a lien on respondent's one-fourth interest in the property in question, and such interest be sold in satisfaction thereof.

The third ground of demurrer to the original bill read:

"The bill shows on its face that the interest of this respondent in said property has been set aside, to him as a homestead under the Constitution and laws of the state of Alabama by the United States District Court for the Northern Division of the Middle District of Alabama, sitting in bankruptcy, which had jurisdiction of the subject-matter, and it is not alleged that the lien of complainant attached to the homestead of this respondent."

The same objection, in varying form, is made in the demurrer to the bill as amended.

The trial court sustained demurrer to the bill as amended, and from that order or decree this appeal is taken.

W. A. Gunter and C. E. O. Timmerman, both of Montgomery, for appellant.

A discharge in bankruptcy does not release prior judgment liens upon real property of the bankrupt. 3 R. C. L. "Bankruptcy," § 142; John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 137 N. W. 412, 42 L. R. A. (N. S.) 292.

Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L. R. A. (N. S.) 156; Thomas v. Woods, 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080. And this is true, though the property has been set aside to the bankrupt as exempt in bankruptcy proceedings, especially when this is done, as here, by an ex parte proceeding after discharge. Floyd v. Johnson, 142 Ga. 833, 83 S. E. 943; F. Mayer B. & S. Co. v. Ferguson, 19 N. D. 496, 126 N. W. 110; Wills v. Lbr. Co., 29 Cal. App. 97, 154 Pac. 613; Frey v. McGaw, 127 Md. 23, 95 Atl. 960, L. R. A. 1916D, 113; 196 Mass. 528, 82 N. E. 696, 14 L. R. A. (N. S.) 1025, 124 Am. St. Rep. 584, 13 Ann. Cas. 365; 32 Dec. Dig. (2d Ed.) § 433.

Stuart Mackenzie, of Montgomery, for appellee.

The action of the United States court in ascertaining and declaring the homestead exemption is final in this suit, which is nothing more than a collateral attack. Smalley v. Laugenour, 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400; 23 Cyc. 1055.

ANDERSON, C. J. [1-3] The rights of a bankrupt to exempt property are those given by the statutes of the states, and the bankrupt court is expressly vested with the jurisdiction to determine the claim of exemptions, and if this complainant was notified of the proceedings and failed to contest the claim of exemptions, or failed to appeal from the judgment allowing said exemption he is precluded from questioning the validity of the allowance in another proceeding in the state court. Smalley v. Laugenour, 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400. We think that the present bill falls short of charging that the order in question was void, as, for aught

appearing, the complainant had notice of the proceedings to have the exemptions set apart. It may have been instituted by an ex parte petition, and there may not therefore have been any adverse proceeding against any particular person as charged in the amended bill; yet this complainant may have been in the bankrupt court and may have been given notice of the report of the trustee setting the exemption apart and may have had an opportunity to file exceptions to the said report. Pleading should be definite, and the nonexistence of facts which go to the life of solemn judgments of courts of records should not be evaded, and mere inferences will not suffice against an appropriate demurrer. If this complainant had notice of the proceedings, he cannot now complain of the order, notwithstanding the petition was ex parte and there was no adverse contest, and, from aught appearing from the bill of complaint, he may have been given notice and failed or refused to make the proceeding "adverse."

Upon former appeal (207 Ala. 400, 92 South. 792), this question was not decided, as the court merely assumed or conceded that the complainant had a lien on the property, overlooking the averment that the same had been set aside as exempt, and the third ground of demurrer to the original bill. Indeed, counsel for appellant doubtless realized this defect in the bill by amending the same in making a futile attempt to charge that the order setting apart the exemption was void.

The circuit court did not err in sustaining the demurrer to the bill, and its decree is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.