(125 So. 637)

### EGGLESTON v. BARNETT et al.
### (6 Div. 493.)

Supreme Court of Alabama. Jan. 16, 1930.

William S. Pritchard, of Birmingham, for appellant.

Mullins & Jenkins, of Birmingham, for appellees.

BOULDIN, J. O. O. Barnett, after his adjudication as a bankrupt, but before appointment of a trustee of his estate in bankruptcy, filed his original bill for sale of lands for division between himself and respondents named as tenants in common.

R. H. Eggleston, trustee of the bankrupt's estate, appointed during the pendency of such bill, proceeding upon order from the bank-

rupt court, filed his bill of intervention, seeking to be substituted as a party complainant, and to prosecute the partition suit in the interest of the bankrupt estate.

On motion of respondents, the bill of intervention was stricken and the original bill dismissed. From this decree the appeal is taken.

The ground of the motion to strike was that the substituted bill works an entire change of party complainant.

The title of the bankrupt is not divested by the adjudication of bankruptcy. His holding is in the nature of a trustee ad interim, but title remains in him until there is some one in whom it may vest. Upon the appointment of a trustee title vests in him, and relates back to the adjudication.

But, pending the appointment of a trustee, the bankrupt has such title as will support an action. The trustee, when appointed, may intervene by direction of the bankrupt court and prosecute such action for the benefit of the estate. Such is now the established rule. Coffman v. Folds, 216 Ala. 133, 135, 112 So. 911; Danciger v. Smith, 276 U. S. 545, 48 S. Ct. 344, 72 L. Ed. 692; Johnson v. Collier, 222 U. S. 538, 539, 32 S. Ct. 104, 56 L. Ed. 306; Kibbe v. Scholes, 219 Ala. 571, 123 So. 61, 66.

The trial court seems to have proceeded under the impression that title had vested in the trustee when the original bill was filed; but the bill of intervention disclosed his appointment was subsequent to the filing of such bill.

The case is not within our rule against an entire change of parties. It is a case of succession of title by operation of law pending the suit, rendering necessary the substitution of a new party representing the title originally set up.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and FOSTER, JJ., concur.