## JACKSON v. HALES.
### 7 Div. 486.

Court of Appeals of Alabama.
March 18, 1930.

Charlie C. McCall, Atty. Gen., and W. P. Cobb, Asst. Atty. Gen., for the State.

Chas. J. Scott, of Ft. Payne, for appellant.

[1] 220 Ala. 268.

C. A. Wolfes, of Ft. Payne, for appellee.

[REDACTED]

SAMFORD, J.

Assignments of error not insisted on in brief are waived, and hence we do not consider assignments 1, 2, and 7.

While the appellant's brief is not prepared in strict accordance with Supreme Court Rule 10, we gather that the brief is an insistence that the court erred in refusing to give at the request of defendant in writing the general affirmative charge in his behalf, and that all other contentions are waived or are included in that contention.

The plaintiff in the court below (appellee here) was the owner of certain farming tools; he went away to Georgia leaving these tools in the keeping of one Bright; while he was away he went into or was put into bankruptcy, a trustee was appointed for his estate by the bankrupt court who qualified, took over plaintiff's land and property, but did not take over the farming tools here sued for, or, if he did, they were turned back to plaintiff by the trustee after plaintiff's discharge in bankruptcy. The trustee in bankruptcy sold plaintiff's land and other property, but did not take possession of or sell the property involved in this suit. The evidence for defendant tended to prove that he bought the tools at execution sale conducted by Martin Smith, a deputy sheriff, but as to who the execution was in favor of or from what court issued does not appear. So that, defendant does not connect himself with any title from any person even claiming title or possession of the tools. This leaves the sole question, Has plaintiff such title as will authorize him to maintain the action of detinue against a party having no rights? This question seems to be fully answered in Watson v. Motley, 201 Ala. 25, 75 So. 147; 7 Corpus Juris 417.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.