175 So. 557

**CASEY v. COOLEDGE et al.**

**6 Div. 72.**

Supreme Court of Alabama.

June 14, 1937.

Rehearing Denied June 29, 1937.

500

Ernest Matthews, of Birmingham, for appellees.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

THOMAS, Justice.

The suit sought to revive a judgment at law.

The parties waived a trial by jury and the trial was had on plea of the general issue and special pleas 1, 2, 3, 4, and 5. Demurrers to the pleas were overruled on the hearing of the cause and the motion to revive the case was denied, to which action of the court, the "movant accepts."

■ Presupposing that a plaintiff in judgment has taken no action that would defeat his right or preclude his effort to revive a judgment rendered at his insistance, a scire facias to revive can be maintained in his name or by his personal representative, or his trustee in bankruptcy. Section 7870, Code; Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305, 307.

■ The general authorities are to the effect that the plaintiff, though becoming a bankrupt subsequent to the rendition of the judgment, after failure ·to act as to such property by the bankrupt court or by its trustee (Crawford v. Horton et al. [Ala.Sup.] 175 So. 310;[1] De Moville v. Merchants & Farmers Bank of Greene County, 233 Ala. 204, 170 So. 756), such bankrupt has the right or title that authorized the plaintiff in judgment (bankrupt) to proceed to revive and collect such judgment. Such are the general authorities. 5 Cyc. 343–346; Black on Bankruptcy, § 322, pp. 719, 720, 721, and that of the Supreme Court of the United States, Hampton v. Rouse, 22 Wall. 263, 275, 22 L.Ed. 755; Conner v. Long, 104 U.S. 228, 26 L.Ed. 723; Johnson v. Collier, 222 U.S. 538, 32 S.Ct. 104, 56 L.Ed. 306; Sparkawk v. Yerkes, 142 U.S. 1, 12 S.Ct. 104, 35 L.Ed. 915; Dushane v. Beall, 161 U.S. 513, 16 S.Ct. 637, 40 L.Ed. 791. Such are the holdings by this court. Watson v. Motley, 201 Ala. 25, 75 So. 147; Coffman v. Folds, 216 Ala. 133, 112 So. 911; Kibbe v. Scholes et al., 219 Ala. 571, 123 So. 61; Eggleston v. Barnett et al., 220 Ala. 394, 125 So. 637; Harper v. Dothan Nat. Bank, 223 Ala. 26, 28, 134 So. 623; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 139, 145 So. 456; De Moville v. Merchants & Farmers Bank of Greene County, 233 Ala. 204, 170 So. 756; Crawford v. Horton et al., ante, p. 439, 175 So. 310; Jackson v. Hales, 23 Ala.App. 458, 126 So. 889.

The rule of a phase of this case is stated by Mr. Justice Lamar (in a case coming from this jurisdiction) as follows:

"But the statute is otherwise silent as to the right of the bankrupt himself to begin a suit in the time which intervenes between the filing of the petition and the election of the trustee. * * *

"While for many purposes the filing of the petition operates in the nature of an attachment upon choses in action and other property of the bankrupt, yet his title is not thereby devested. He is still the owner, though holding in trust until· the appointment and qualification of the trustee, who thereupon becomes 'vested by operation of law with the title of the bankrupt' as of the date of adjudication. (§ 70 [Bankr.Act, 11 U.S.C.A. § 110])

"Until such election the bankrupt has title,—defeasible, but sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him. It is to the interest of all concerned that this should be so. There must always some time elapse between the filing of the petition and the meeting of the creditors. During that period it may frequently be important that action should be commenced, attachments and garnishments issued, and proceedings taken to recover what would be lost if it were necessary to wait until the trustee was elected. The institution of such suit will result in no harm to the estate." Johnson and William Chandler, Plffs. in Err. v. B. T. Collier, 222 U.S. 538, 32 S.Ct. 104, 56 L.Ed. 306, 307.

■ There was no error in overruling objection to questions to movant, "You did not list this judgment as one of your assets in the bankrupt court?" and "No receiver or trustee was appointed in the matter was there?" The questions were material and tended to indicate the condition of the bankrupt estate and the relation of the bankrupt thereto. De Moville v. Merchants & Farmers Bank of Greene County, 233 Ala. 204, 170 So. 756; Crawford v. Horton, et al., ante, p. 439, 175 So. 310.

The assignments of error based on such adverse ruling in the introduction of this evidence are not sufficiently insisted upon. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

The appellant thus narrows the issue to the "sole substantial question * * * whether or not Clyde Casey * * * had at the time he filed his petition or motion to revive this judgment, such property in

---

[1] Ante, p. 439.

or title to the judgment as would authorize him to prosecute the scire facias to revive."

The several pleas, 1 to 5, inclusive, deny the right to revive because of the failure of the bankrupt to declare as an asset and that the withholding from the schedules returned to the bankrupt court this substantial judgment in question as an asset of his estate was fraudulent.

In Coffman v. Folds, 216 Ala. 133, 112 So. 911, the subject-matter was property exempt to the bankrupt; as well as in Roy v. Abraham, 209 Ala. 691, 96 So. 883, and Kibbe v. Scholes et al., 219 Ala. 571, 123 So. 61.

In Watson v. Motley, 201 Ala. 25, 75 So. 147, the following observation is contained:

"After a bankrupt has been discharged he may sue for and recover property not administered, and an attorney who prosecutes such suit and pays over to bankrupt money received in such litigated action is not, in the absence of fraud, liable for amount so paid on estate being re-opened. * * *

"If the proof had showed a conspiracy or a fraud on the part of the bankrupt and his attorney to hinder, delay, or defraud the estate of the bankrupt, and that it was consummated, and that the attorney in consequence had received a part of the funds so diverted from the estate, the attorney might be held, as for the amount so received by him, under the count for money had and received; or, if the evidence had showed a conversion of funds belonging to the estate, and that defendant had participated in the conversion or was a party thereto, then a recovery might have been had on the count in trover. But no such facts were shown. * * *

"Why the lands or the interest therein was not returned as assets of the bankrupt, or why a similar action was not brought by the trustee in bankruptcy before he was discharged, is not made to appear. It may be that the claim of the bankrupt as to the land was so doubtful that the assignee or trustee in bankruptcy did not desire to bring the action to recover the land or the damages, or it may be that it was the fault or even the fraud of the bankrupt or his attorney that an action was not so brought. Again, it may have been a mistake or an oversight of the bankrupt or of his attorney, or of both."

The case of Eggleston v. Barnett et al., 220 Ala. 394, 125 So. 637, was a sale for division among joint owners and the trustee in bankruptcy was a party.

The motion was heard on evidence given ore tenus. Hodge v. Joy, 207 Ala. 198, 92 So. 171. The bill of exceptions recited that "all the records of the court in the original judgment, Case Number 24808" were received in evidence and it was admitted that the same had not been satisfied. Neither the original complaint nor the judgment obtained thereon are embraced in the record. The appellant's brief discloses that the same was for damages based upon a willful and wanton count (and not an asset of the bankrupt's estate subject to creditors). 2d Collier on Bankruptcy, p. 722, note 378; In re Nabors (D.C.) 280 F. 943, 48 A.B.R. 619. The record does not disclose the nature of that complaint. However, this fact was not material. This case will proceed, therefore, on the assumption that the judgment was an asset of the bankrupt estate and subject to have been intercepted by the trustee for the creditors had it been so declared by the bankrupt in his schedule. If the record had disclosed the nature of this complaint and the judgment rendered thereunder, as indicated in brief of appellant's counsel, we believe the case would not be different from that now presented for decision. This is the result under the exemption laws that prevail in this jurisdiction and under the federal statutes and decisions touching the same now to be considered.

The construction of the Bankruptcy Act (11 U.S.C.A. § 1 et seq.) is for the allowance to the bankrupt of exemptions prescribed by the state laws, and the construction thereof by the state court, in force at the time of the filing of the petition in the state of bankrupt's domicile. The provisions of such laws are liberally construed to accomplish the beneficent purpose of such statute. 7 C.J. 353, 354. The bankrupt is entitled to exemptions if provided by a federal statute. In re Cohn (D.C.) 171 F. 568, 22 A.B.R. 761. Under the statutes for exemptions, provided by the statutes of this state (Code, § 7886) the bankrupt should have declared in his schedules the judgment in question and made his selection and claim of exemptions as obtained in this jurisdiction. This he failed to do.

If the bankrupt has the right of revival under the statute, to which we

have heretofore reverted, there is opportunity for application to be made to the bankrupt court to reopen the estate and administer this undisclosed asset for the benefit of creditors and excess to bankrupt. Duncan et al. v. Watson, 198 Ala. 180, 73 So. 448. Such is the effect of 11 U.S.C.A. § 11. The Duncan v. Watson Case, supra, is authority for reopening of a bankrupt's estate though the time is more than three years since the estate was closed, where the petition is filed immediately after the discovery of a fraudulent failure to schedule an asset that is thereafter discovered. 11 U.S.C.A. § 29.

When the evidence is carefully examined, we are not impressed that the bankrupt was guilty of a willful fraud in the procurement of judgment and discharge in the district court, or that his conduct is shown to have been such as to warrant the discharge of his motion for scire facias to revival. There was no trustee appointed in the bankrupt court and revival may be had by the bankrupt for himself and creditors disclosing same in the bankrupt court, if that estate be opened on timely application. Johnson v. Collier, 222 U.S. 538, 32 S.Ct. 104, 56 L. Ed. 306; 4 Remington on Bankruptcy; Elliot C. Rogers v. American Halibut Co., 216 Mass. 227, 103 N.E. 689, 31 A.B.R. 576.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

