**In re SHEARS.**

No. 2347.

District Court, N. D. Alabama, E. D.

Feb. 13, 1940.

Merrill & Merrill, of Anniston, Ala., for trustee.

C. H. Young, of Anniston, Ala., referee.

B. S. Dormon, Jr., of Anniston, Ala., for bankrupt.

Chas. F. Douglass, of Anniston, Ala., filed petition for review.

MURPHREE, District Judge.

Noah C. Shears was adjudicated a bankrupt on a voluntary petition filed by him on August 28, 1939. A trustee was duly appointed by the Referee. Shears scheduled personal property, consisting of wearing apparel, personal effects, household furniture and the proceeds allegedly due him by policy of insurance with the All States Life Insurance Company containing provisions for payment to a beneficiary at death and payment to the bankrupt "upon due proof that * * * the insured has be-

come wholly disabled by bodily injuries or disease * * * for life from engaging in any occupation or employment for wage or profit * * * ". The original certificate of insurance has been sent up for inspection by the Court on this review. It provides for payment for such permanent total disability or for death. It does not provide for both. If the insured became disabled within the meaning of the policy prior to bankruptcy, liability of the insurance company became fixed and the proceeds due under the policy became assets of his estate upon bankruptcy, subject to the bankrupt's exemptions being set apart to him. George Everett Legg, Petitioner, v. E. St. John, Trustee, 296 U.S. 489, 297 U.S. 695, 56 S.Ct. 336, 80 L.Ed. 345.

The bankrupt had commenced suit on the policy in the Circuit Court of Calhoun County, Alabama, in his own right prior to bankruptcy and had employed Mr. Charles F. Douglass as his attorney in such manner as to confer upon the attorney a lien under Section 6262 of the Code of Alabama equal to one-third of the recovery by suit without appeal to the Supreme Court. The bankrupt claimed the entire proceeds of the policy as exempt to him, subject to the attorney's lien.

The Referee authorized the trustee to intervene in said suit and to prosecute the same on behalf of the estate. He also denied the bankrupt's claim of exemption as to the entire proceeds of the policy and overruled objections to the order authorizing the trustee to intervene in the state court, filed by Mr. Douglass based on his attorney's lien. It appears that liability under the policy may be $2,000 with interest. The state law allows the bankrupt to select property to the value of $1,000 as exempt to him. There may be recovered for the estate some amount over the exemptions to be allowed the bankrupt and the attorney's fee due Mr. Douglass.

The Referee was manifestly correct in his rulings. Subdivisions (7) and (11) of Section 2 of the Bankruptcy Act, 11 U.S.C. A. § 11(7, 11), disclose some of the chief functions and duties of the Bankruptcy Court:

"Sec. 2 [§ 11]. * * * (7) Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided, and determine and liquidate all inchoate or vested interests of the bankrupt's spouse in the property of any estate, whenever under the applicable laws of the State, creditors are empowered to compel such spouse to accept a money satisfaction for such interest."

"Sec. 2 [§ 11]. * * * (11) Determine all claims of bankrupts to their exemptions."

"Under clause 11 of section 2 of the Bankruptcy Act, the court was vested with power to determine all claims of bankrupts to their exemptions. This power to determine the claim must include the power to ascertain certain facts by the bankruptcy court. * * * In a case like the present, it does not seem to me that the bankrupt, who brings the property within the jurisdiction of the bankruptcy court and demands to have a portion of it set apart to him as exempt, will be heard to say the court is without jurisdiction to determine one of the facts necessary to be ascertained, to wit, his ownership of property sought to be exempted.

"The court having jurisdiction of the property for the purpose of segregating the exempt portion from that not exempt, claimants of the same adverse to the bankrupt must, it seems to me, come into the bankruptcy court to establish their claim, under the well-established rule that the court having jurisdiction over and custody of the res will hear and determine all rights to such res. And the jurisdiction of the bankruptcy courts is exclusive within the legal powers of said courts." In re Marschall, D.C., 287 F. 187, 190.

The Bankruptcy Court, being a court of equity, often serves as a clearing house for the determination of conflicting rights, priorities and liens as between creditors, third parties and the bankrupt. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S.Ct. 270, 75 L.Ed. 645, 17 A.B. R.,N.S., 273; Taylor v. Sternberg, 293 U. S. 470, 55 S.Ct. 260, 79 L.Ed. 599, 27 A.B. R.,N.S., 1.

"We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money, and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allow-

ance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them." United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 625, 56 L.Ed. 1055.

The practice of permitting creditors possessing waivers of exemption to proceed in the State Court to enforce their rights in exempt property arose because exempt property, as such, usually does not come into possession of the trustee or under the administration of the bankruptcy court. But this principle applies only where the court has determined there is no equity in such property for the estate and all property is exempt to the bankrupt, or the court has set aside certain specific property as exempt. "When the value of exempt property is less than the statutory exemptions allowed, the law effectuates the claim. In Alley v. Daniel, 75 Ala. 403, it is declared, if he has not personal property, exceeding in value $1,000, a selection is unnecessary, the law, without the doing of any act on his part, intervenes and attaches the right of exemption as absolutely and unconditionally as if the particular property was specifically designated and declared exempt. L.R.A. 1915D, 393, note; Brinson v. Edwards, 94 Ala. 447, 454, 10 So. 219; Skinner v. Jennings, 137 Ala. 295, 34 So. 622." Kibbe v. Scholes, 219 Ala. 571, 123 So. 61, 66.

"The fact that the act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the act, in unambiguous language, declares shall not pass from the bankrupt, or become part of the bankruptcy assets. The two provisions of the statute must be construed together, and both be given effect. Moreover, the want of power in the court of bankruptcy to administer exempt property is, besides, shown by the context of the act, since, throughout its text, exempt property is contrasted with property not exempt, the latter alone constituting assets of the bankrupt estate subject to administration." Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 753, 47 L.Ed. 1061, 10 A.B.R. 107.

This rule does not apply where there are conflicting rights in the recovery of the proceeds of an insurance policy by suit in court to judgment and the value of the interest of each cannot be determined until recovery is made. It may be necessary for exempt property to come under the jurisdiction of the Bankruptcy Court that it may be identified, appraised and set apart.

"It is true that title to exempt property does not vest in the trustee, and cannot be administered by him for the benefit of the creditors. But it can 'pass to the Trustee as a part of the estate of the bankrupt,' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify, and appraise what is claimed to be exempt. He must make a report 'of the articles set off to the bankrupt, with the estimated value of each article,' and creditors have twenty days in which to except to the trustee's report. Sec. 47 [sub. a] (11) [11 U.S.C.A. § 75, sub. a (11)] and general orders in bankruptcy 17 [11 U.S.C.A. following section 53]. In other words, the property is not automatically exempted, but must 'pass to the trustee as a part of the estate,'—not to be administered for the benefit of creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt. Custody and possession may be necessary to carry out these duties, and all levies, seizures, and liens obtained by legal proceedings within the four months, that may or do interfere with that possession, are annulled, not only for the purpose of preventing the property passing to the trustee as a part of the estate, but for all purposes, including that of preventing their subsequent use against property that may ultimately be set aside to the bankrupt. This property is withdrawn from the possession of the trustee, not for the purpose of being subjected to such liens, but on the supposition that it needed no protection, inasmuch as they had been nullified." Chicago, Burlington & Quincy Railroad Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 886, 57 L. Ed. 1306, 30 A.B.R. 619.

The Trustee may prosecute the suit to judgment in the hope of recovering some money for the creditors of the bankrupt. There is such a distinct possibility in this case. The rights of all parties may attach to the proceeds of the recovery and be preserved by future orders of the Referee.

The Court can find no application for the authorities or the state statutes cited by the petitioners on review. It is possible that some effect on the outcome of the jury trial may be had by the appearance

of the trustee in bankruptcy in the case in state court. However, this possibility should not serve to deprive the creditors of the bankrupt of their chance to recover something on their claims through the bankruptcy court. The claim against the All States Life Insurance Company is one and indivisible and the trustee should be authorized and directed to intervene in the said suit and join in the prosecution thereof in his own right for the benefit of the creditors of the bankruptcy estate.

"As to his personal right or interest, the right of a trustee of intervention in a bankrupt's suit is limited to trust properties, which are subject to distribution to creditors. Roy v. Abraham, 209 Ala. 691, 96 So. 883; Coffman v. Folds, supra [216 Ala. 133, 112 So. 911]." Kibbe v. Scholes, 219 Ala. 571, 123 So. 61, 66, supra.

"But, pending the appointment of a trustee, the bankrupt has such title as will support an action. The trustee, when appointed, may intervene by direction of the bankrupt court and prosecute such action for the benefit of the estate. Such is now the established rule." Eggleston v. Barnett et al., 220 Ala. 394, 125 So. 637, 638.

"Until such election and qualification the bankrupt is recognized to have a superior yet defeasible title, which is 'sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him'; and if the trustee is of the opinion that it is 'to the benefit of the creditors,' that official may intervene in any suit so commenced by the bankrupt, after his adjudication and before the election of the trustee, and avail himself of the rights and priorities if thereby acquired as to the trust property in question. Thatcher v. Rockwell, 105 U.S. [467], 469, 26 L.Ed. 949.

"The right adverted to of intervention by the trustee is no doubt limited to the trust properties that are subject to distribution to creditors and does not obtain to any personal right not cognizable by the bankrupt act or over which it has no control. Roy v. Abraham, 209 Ala. 691, 96 So. 883." Coffman v. Folds, 216 Ala. 133, 112 So. 911, 912.

"If, however, he is of opinion that it would be to the benefit of the creditors, he may intervene in the suit commenced by the bankrupt, and avail himself of rights and priorities thereby acquired. Thatcher v. Rockwell, 105 U.S. [467], 469, 26 L.Ed. [949], 950." Johnson v. Collier, 222 U.S.

538, 540, 32 S.Ct. 104, 105, 56 L.Ed. 306, affirming judgment in 161 Ala. 204, 49 So. 761.

The Referee was further correct in his order of November 14, 1939, allowing Fred L. Stewart and Ike Freeman, creditors possessing waivers of exemptions as to personal property, to proceed in the state court to enforce the payment of their notes out of exempt property.

An order, in conformity with this opinion, will be entered.